FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2007 MAR -7 AM 11: 12
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA,

                    Plaintiff,


vs.                              Case No. 6:06-CR-237-ORL-31DAB


WILLIAM IREY,

                    Defendant.

-------------------------------------------------------------

December 14, 2006

Transcript of Proceedings
INITIAL APPEARANCE AND ARRAIGNMENT


Before The Honorable DAVID A. BAKER
United States Magistrate Judge

APPEARANCES:

For the Plaintiff:      Cynthia Hawkins
                        Assistant U.S. Attorney
                        501 W. Church Street, Suite 300
                        Orlando, FL  32805

For the Defendant:      John Woodard
                        Orlando, FL  32801


Proceedings recorded by AUDIOTAPE, transcript produced with
computer-aided transcription.

31

2

1          P R O C E E D I N G S

2          (CASE CALLED.)

3              THE DEPUTY CLERK:  Counsel, please state your

4     appearances for the record.

5              MS. HAWKINS:  Good afternoon, Your Honor.

6     Cynthia Hawkins for the United States.

7              MR. WOODARD:  Good afternoon, Your Honor.  John

8     Woodard on behalf ever William Irey who is seated to my

9     right.

10             THE COURT:  Has Mr. Irey been given a copy of the

11    indictment?

12             MR. WOODARD:  He has, Your Honor.

13             THE COURT:  Mr. Irey, you're charged in an

14    indictment which was returned by the grand jury for this

15    district.  In that indictment you're charged with violation

16    of federal law, specifically Title 18 of the United States

17    Code, Section 2251C.  The essence of the charge is knowingly

18    inducing or enticing minors to engage in sexual conduct

19    outside the United States for production of visual depictions

20    of that conduct, and then transporting the depictions into

21    the United States.

22             As to these charges you have the right to remain

23    silent, not to make any statements or comments.  If you do

24    make any statements or comments, the government can use those

25    statements or comments against you.  Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  You have the right to be represented

3    by an attorney.  Mr. Woodard has entered his appearance and

4    will be representing you in this case.

5          If at any time there's any difficulty with the

6    representation and you're not able to afford an attorney,

7    then one would be appointed for you.

8          Now, an additional purpose of today's hearing

9    besides advising you of the charges against you and of your

10   rights and to make sure you have counsel is to determine

11   whether or not you're going to be held in custody or whether

12   conditions could be set for you to be released pending

13   further proceedings.

14          Miss Hawkins, what's the government's

15   application?

16          MS. HAWKINS:  Your Honor, I believe that defense

17   has a proposal that may be acceptable to the United States.

18   This is a case involving violence in that it's a child

19   pornography with child sexual offense, however, it's my

20   understanding that there may be an in-house treatment center

21   for this defendant because we have information that we shared

22   with defense counsel that the defendant may be suicidal, and

23   we don't think he should be unsupervised in the community, he

24   needs to be in an in-house treatment facility, and of course

25   he would have to have electronic monitoring I believe under

1   the Adam Walsh Act.  So if I'm correct that a bond could be

2   set of that nature if he's in-house.

3               MR. WOODARD:  If I may, Your Honor.

4   Understanding that with charges of this nature if he were

5   anywhere other than in the confines of a custodial

6   institution he would have to have an electronic monitoring

7   device.

8               Additionally, I've suggested to Miss Hawkins,

9   even though have I not confirmed with the psychiatrist yet, a

10  particular housing unit, a residential unit where he would

11  not only be bracelet monitored with the device, but would be

12  receiving some psychiatric care and counseling as well as

13  monitoring, we're talking a residential facility.

14              I do not have that facility right now, I've been

15  working on that.

16              MS. HAWKINS:  The other factor, Your Honor, from

17  the government's point of view, the reason I make this

18  statement is that Mr. Irey has been meeting with the case

19  agent and so for some time and I don't believe that he's a

20  risk of flight.  My concern is strictly as to the danger to

21  the community and to himself.

22              MR. WOODARD:  If I may approach counsel for the

23  government for just a second, Your Honor.

24              (DISCUSSION OFF THE RECORD.)

25              MR. WOODARD:  Thank you, Your Honor.

5

1    THE COURT:  If I understand you, Mr. Woodard,

2    you're working on trying to find an appropriate placement

3    that you want to present to the court?

4    MR. WOODARD:  Yes, sir.  Within the Middle

5    District.

6    THE COURT:  With the understanding that he will

7    be in custody pending your ability to find such a place?

8    MR. WOODARD:  Yes, sir.  And once I have

9    admission paperwork and documents with doctors, I can present

10    it to the government with a notice of filing to the court for

11    the court's consideration of that.

12    THE COURT:  All right.  Well, what I would

13    propose to do then is to enter an order of detention pending

14    submission of that further information which I'll then

15    consider.  I'll want to get the views of the government and

16    the pretrial services office as to the suitability of that

17    placement with whatever supporting documentation that Mr.

18    Woodard's able to provide.

19    All right.  Let's go ahead and proceed to

20    arraignment.  The defendant's been advised as to the general

21    nature of the charges against him.  Does he wish a formal

22    reading of the indictment?

23    MR. WOODARD:  No, Your Honor.  We'd waive at this

24    time.  I've reviewed it with him.

25    THE COURT:  Is he prepared to enter a plea?

1       MR. WOODARD:  Yes, sir.  At this time he would
2    enter a plea of not guilty.
3       THE COURT:  A plea of not guilty is received.  It
4    will be entered by the court.  This case is assigned for
5    trial with United States District Judge Gregory Presnell to
6    be placed on his trial calendar for the period commencing
7    February 5.  Judge Presnell will have a status conference in
8    the case on January 18 at 8:45 a.m.
9       I'll enter the usual criminal scheduling order
10    contemplating the exchange of information necessary to get
11    the case ready for trial.  If there is a need for pretrial
12    motions or other matters requiring a hearing, let us know and
13    we'll schedule them as quickly as we can.
14       All right.  Anything else in this case at this
15    time?
16       MS. HAWKINS:  No, Your Honor.
17       MR. WOODARD:  Nothing from the defense, Your
18    Honor.
19       THE COURT:  We're in recess.
20       (HEARING CONCLUDED.)
21
22       I certify that the foregoing is a correct
     transcript from the record of proceedings in the
23    above-entitled matter.
24
                              _____
25                            ANTHONY ROLLAND

ANTHONY ROLLAND, RMR-CRR
407.760.6023