UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. Case No. 6:06-cr-237-Orl-31DAB

WILLIAM IREY

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, appearing by the undersigned Assistant United States Attorney, files its Sentencing Memorandum in this case, and urges the Court to impose a sentence within the sentencing guidelines range as set forth in the Presentence Report (PSR) prepared by the United States Probation Office.

**Background**

On August 13, 2006, agents of the Bureau of Immigration and Customs Enforcement executed a search warrant on the defendant's residence and seized several computers and other media containers. Forensic examination of the computers revealed thousands of images of child pornography, including at least 1200 images of the defendant having sex with children as young as approximately four years old, with most of the girls being prepubescent. The investigation revealed that the defendant had engaged in sex tourism in Cambodia, and had recorded himself having sex with children. He had at least forty separate victims. The defendant transported the images to the United States, and they were thereafter distributed worldwide. The defendant admitted to having sex with children he knew to be minors and to knowingly producing

and transporting into the United States from Cambodia some of the child pornography seized by the agents from his computers.

The defendant's PSR indicates that his guidelines range is life, but that the statutory maximum is 30 years, making 30 years the guidelines sentence. The government urges this Court not to vary downward from the 30 year guidelines sentence, based upon the defendant's criminal conduct in this case. In fact, there are no grounds for a departure from the sentencing guidelines in this case, which also militates against the Court granting a variance under 18 U.S.C. § 3553 from the sentence range calculated under the guidelines.

**Legal Analysis**

Any departure from the sentencing guidelines in a child sex case is governed by USSG §5K2.0(b). That section provides, referring to 18 U.S.C. § 3553(b)(2)(A)(ii), that the sentencing court may only impose a sentence below the range established by the applicable guidelines if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that (1) has been affirmatively and specifically identified as a permissible ground for a downward departure in the sentencing guidelines or policy statements contained therein; (2) has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and (3) should result in a sentence different from that described. The provision then states:

> The grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements. Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the

> meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted.

The commentary to §5K2.0, n.4(B)(i), states that the standard for a downward departure in child crimes and sexual offenses differs from the standard for other departures. The basis for such a downward departure should be affirmatively and specifically identified as a ground for departure under Chapter 5, Part K.

Title 18, United States Code, Section 3553(b)(2)(ii) reiterates that the Court shall impose a guidelines sentence unless the Court finds that there exists a mitigating circumstance of a kind or to a degree that has been affirmatively and specifically identified as a permissible ground for downward departure in the sentencing guidelines or policy statements, has not been taken into consideration by the Sentencing Commission in formulating the guidelines, and should result in a sentence different than that described.

The United States recognizes that section 3553(b)(2)(ii) is no longer mandatory in light of the holding of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005). United States v. Hecht, 470 F.3d 177 (4th Cir. 2006); United States v. Grigg, 442 F.3d 560 (7th Cir. 2006). However, this Court should give great weight to the findings of Congress in this regard, indicating that departures should be extremely rare in child sex crime cases. Indeed, the Sentencing Commission has made it clear that child sex crimes under Chapter 110 are to be treated differently than other types of crimes. See §5K2.13 (may not depart based on diminished capacity); §5K2.20 (may not depart based on aberrant behavior); §5H1.6 (family ties and responsibilities are not relevant).

Because diminished capacity, aberrant behavior, and family ties and responsibilities are factors expressly prohibited by the Sentencing Commission as grounds for departure, for this Court to consider them would be inconsistent with the requirement of 18 U.S.C. § 3553(a)(5) that, in imposing sentence, this Court consider any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28, United States Code. See United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006) (a sentence based solely upon an impermissible factor is unreasonable because the sentence does not achieve the purposes of section 3553(a)). Accordingly, this Court should not consider, as a basis for downward departure or as mitigation under section 3553(a), the defendant's diminished capacity, aberrant behavior, or family ties and responsibilities, because the resulting sentence would be unreasonable.

Additionally, the mental condition of a defendant is not ordinarily relevant to determining whether a departure is warranted and is a discouraged factor upon which to base a downward departure. Here, the defendant has not shown that his mental condition is outside the heartland of similar cases. United States v. Miller, 146 F.3d 1281, 1285 (11th Cir. 1998); United States v. Caro, 309 F.3d 1348, 1353 (11th Cir. 2002). The fact that the defendant may have rationalized his crimes against children by failing to perceive the harm he was inflicting is not so uncommon as to take this case out of the heartland.

In United States v. Scott, 426 F.3d 1324 (11th Cir. 2005), the defendant requested both a downward departure and a variance. His psychological evaluation found that he was not a significant risk to children or likely to molest children in the

future, was depressed at the time of the offense, did not meet the DMV-IV diagnosis for pedophilia, and, during testing, did not show sexual interest in young children. The trial court denied the defendant's motions for a variance and a downward departure, and imposed a guidelines sentence. The Eleventh Circuit Court of Appeals held that the district court gave sufficient weight to the defendant's personal characteristics and history, and that the sentence imposed was reasonable. Scott at 1330.

In the instant case, the defendant's expert, Dr. Berlin, opines that the defendant is a pedophile who experiences self-deceptive thought processes. But the defendant has horribly sexually abused numerous children over a period of years. He is not only a producer of child pornography, he is a documented sexual abuser of prepubescent children. If this case is atypical, it is because of aggravating, not mitigating, factors.

The defendant's actions fall within the heartland of cases involving violations of 18 U.S.C. § 2251(c), the production of child pornography. Likewise, his lack of a criminal record is taken into account by his criminal history score of I under the guidelines. United States v. Martin, 455 F.3d 1227, 1239 (11th Cir. 2006). Similarly, any variance under 18 U.S.C. § 3553(a) would be unreasonable because there is nothing unusual about the nature or circumstances of this offense or the defendant's

personal characteristics. Therefore, the government prays this Court to sentence the defendant to the guidelines sentence set forth in the defendant's PSR.

Respectfully submitted,

JAMES R. KLINDT
Acting United States Attorney

By: s/ Cynthia A. Hawkins
Cynthia A. Hawkins
Assistant United States Attorney
Florida Bar No. 305049
501 West Church Street, Suite 300
Orlando, Florida 32805
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
Email: cynthia.hawkins@usdoj.gov

**U.S. v. WILLIAM IREY** **Case No. 6:06-cr-237-Orl-31DAB**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kirk N. Kirkconnell, Esq.

*s/ Cynthia A. Hawkins*
Cynthia A. Hawkins
Assistant United States Attorney
Florida Bar No. 305049
501 West Church Street, Suite 300
Orlando, Florida 32805
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: cynthia.hawkins@usdoj.gov