UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

vs.                                            CASE NO. 6:06-cr-00237-GAP-DAB

**WILLIAM IREY**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, WILLIAM IREY, by and through undersigned counsel, files this Sentencing Memorandum:

Mr. Irey acknowledges the serious nature of his conduct in this case and concedes that a substantial term of imprisonment and supervised release is appropriate. It is respectfully urged, however, that Mr. Irey's history and characteristics as a person, including his lack of criminal history, acceptance of responsibility for his actions, psychological condition, history as a good person and contributor to the community, advanced age, and the fact that there is a low risk of recidivism upon his release from prison, make a sentence below the advisory guideline range reasonable in this case.

**I.     SENTENCING AFTER THE SUPREME COURT'S DECISION IN *BOOKER***

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), the United States Supreme Court declared unconstitutional the portion of the Sentencing Reform Act, 18 U.S.C. § 3553(b)(1), which made the Federal Sentencing Guidelines mandatory. As a result, the Supreme Court's decision rendered the Sentencing Guidelines advisory in nature. *See Booker*, *supra*.

In light of the Supreme Court's decision in *Booker*, district courts are now required to consider both the sentencing goals in 18 U.S.C. § 3553(a) and the Sentencing Guidelines when imposing a sentence. *See United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006*); United States v. Williams*, 435 F.2d 1350 (11th Cir. 2006). Pursuant to 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection." (emphasis added).

Thus, in imposing a sentence, a district court must consider the following factors in 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for adequate deterrence;

(4) the need to protect the public;

(5) the need to provide the defendant with needed educational or vocational training, or medical care;

(6) the kinds of sentences available;

(7) the Sentencing Guidelines range;

(8) pertinent policy statements of the Sentencing Commission;

(9) the need to avoid unwarranted sentence disparities;

(10) the need to provide restitution to any victims of the offense.

Although a district court is no longer bound to apply the guidelines, it must consult and take them into account. In order to properly consult the guidelines, a district court must accurately calculate an advisory guideline range. *Williams,* 435 F.3d at 1353; *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). After it has made this calculation, however, the district court may impose a more lenient sentence as long as the sentence is reasonable. *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (72-month sentence reasonable where advisory guideline range prescribed sentence of 151-188 months); *Williams*, 435 F.3d at 1353 (90-month sentence reasonable where advisory guidelines prescribed sentence of 188-235 months); *United States v. Halsema*, 180 Fed.Appx. 103 (11th Cir. 2006) (24-month sentence for possession of child pornography reasonable where advisory guideline range prescribed sentence of 57-71 months).

Although a district court is required to calculate the applicable sentencing guidelines range, the sentencing guidelines are not presumptively reasonable or unreasonable. Extraordinary circumstances are not necessary for a district court to impose a sentence outside the advisory guidelines range. *Gall v. United States*, 128 S.Ct. 586, 595 (U.S. 2007).

In imposing sentence, a district court may, on a case-by-case basis, determine the appropriate weight to be given to the guidelines and the various § 3553(a) factors. *United States v. Lamonda*, 2008 WL 68744 (M.D. Fla. Jan. 2, 2008). "There are . . . many instances were (sic) the Guidelines range will not yield a reasonable sentence." *Hunt*, 459 F.3d at 1184.

II.    **APPLICATION OF THE ADVISORY GUIDELINES**

On July 2, 2007, Mr. Irey entered a plea of guilty to one count of production of pornography, in violation of 18 U.S.C. § 2251(c). A conviction under § 2251(c) requires a minimum sentence of 15 years in prison, and a maximum sentence of 30 years in prison.

The Final Presentence Investigation Report (PSR) was completed by the United States Probation Office on November 26, 2007. The Final PSR provides for an advisory guideline range of 360 months in prison. The Probation Officer arrived at that range based on a Total Offense Level of 43 and a criminal history category of I, because Mr. Irey has no prior criminal convictions. The Probation Officer acknowledged that Mr. Irey has "demonstrated a recognition and affirmative acceptance of personal responsibility for the criminal conduct," and has "assisted the authorities in the investigation of the offense by providing timely notification of intent to plead guilty." (PSR ¶¶ 49, 50).

Mr. Irey does not object to the Probation Officer's advisory guideline calculations and does not seek a downward departure from the guideline range described in the PSR. However, as indicated below, Mr. Irey asserts that a sentence below the advisory guideline range is reasonable in this case.

### III. REASONABLE SENTENCE IN LIGHT OF *BOOKER*.

Mr. Irey's history and characteristics as a person, along with the other factors set forth in 18 U.S.C. § 3553(a), support a sentence below the advisory guideline range discussed above. As recently indicated by the Eleventh Circuit Court of Appeals, the advisory guidelines are only one factor that must be considered along with the other factors listed in 18 U.S.C. § 3553(a). There are many instances where the imposition of a

sentence based on the advisory guidelines will not result in a reasonable sentence. *Hunt*, 459 F.3d at 1184.

This Court's sentencing decision should be informed by the Eleventh Circuit's decisions in *United States v. McBride*, 21 Fla. L. Weekly Fed. C 275 (11th Cir. Dec. 28, 2007), and *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006), and the Eighth Circuit's decision in *United States v. White*, 506 F.3d 635 (8th Cir. 2007).

In *McBride*, the defendant entered a plea to distributing child pornography, in violation of 18 U.S.C. 2252A(a)(2)(B). The offense carried a statutory minimum sentence of 5 years in prison, and a maximum sentence of 20 years in prison. Although the Guidelines prescribed a sentencing range of 151-188 months in prison, the district court sentenced the defendant to 84 months in prison, to be followed by 10 years of supervised release.

The evidence before the trial court showed that law enforcement had discovered 981 images and 45 videos of child pornography in the defendant's residence. The evidence also reflected that the defendant had an extremely difficult childhood, as his father had been murdered, and his grandmother had sexually abused him.

Although the defendant did not have an adult criminal record, at the age of 16 he had pleaded guilty to committing lewd acts on 3 and 4-year old children. Additionally, during treatment sessions, he had admitted to engaging in inappropriate sexual conduct with numerous other children. In 2003, he was arrested for taking pictures of 3-5 year old girls. During a presentence interview, the defendant admitted to being sexually attracted to children 55% of the time.

The defendant was diagnosed as a pedophile and the psychologist's report recommended a sentence that included an extended period of probation so that he could be supervised and receive the necessary treatment. The defendant expressed his amenability to treatment for his condition.

In imposing sentence, the district court explicitly discussed a number of the §3553(a) factors, including the defendant's difficult childhood. The district court concluded that a sentence of 84 months was sufficient to achieve the goal of protecting the public. *McBride*, 21 Fla. L. Weekly Fed. C275 at *1-2.

The Government appealed the district court's sentence, arguing that it was unreasonable. The Eleventh Circuit, however, concluded that the sentence was not unreasonable, because it exceeded the statutory minimum by two years, and because the district court explicitly considered the factors laid out in § 3553. Additionally, the Eleventh Circuit noted that the sentences imposed by the district court was similar to the sentence imposed by the district court in *Gray*. The Eleventh Circuit noted that it would only "reverse a procedurally proper sentence if we are 'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case.'" *Id*. at *2-3.

In *Gray*, the defendant, a 64-year old man, also entered a plea to one count of distribution of child pornography. As in *McBride*, the conviction called for a minimum statutory sentence of 5 years in prison, and a statutory maximum of 20 years in prison.

During their investigation, police discovered more than 300 images of child pornography on the defendant's computer. Some of those images depicted prepubescent

children. Additionally, the defendant admitted he had been downloading sexually explicit child pornography for about five years.

Although the defendant originally pled not guilty, he later requested a change of plea hearing. The defendant, however, failed to appear at the scheduled hearing. He was subsequently arrested in Indiana after he put out a radio broadcast that he had a firearm for sale and after a confrontation with police where he held a gun to his head. Based on his confrontation with police in Indiana, the defendant was arrested for disorderly conduct and resisting law enforcement. *Gray*, 453 F.3d at 1323-24.

At sentencing, the defendant made no objections to the guidelines calculations made in the Presentence Report. The defendant told the district court that he had cooperated with authorities and was accepting full responsibility for his actions.

The district court noted that the defendant had set up a screen name to carry out his offense, had possessed approximately 300 images of child pornography, had distributed some of those pictures, and had failed to attend his change of plea hearing. The district court concluded that the applicable guidelines range was 151-188 months in prison.

Despite that range, the district court sentenced the defendant to 72 months in prison, to be followed by 3 years of supervised release. In reaching that sentence, the district court explicitly indicated that it was considering the defendant's age, his prior minimal record, and his medical condition. Despite the fact that the 72-month sentence was less than half the 151 months that defined the bottom of the applicable guideline range, the Eleventh Circuit concluded that the sentence was reasonable. The Eleventh Circuit reasoned that, pursuant to 18 U.S.C. § 3553(a)(1), the district court gave specific,

valid reasons for imposing a sentence below the guidelines range that related to the "history and characteristics of the defendant." *Id.* at 1324-25.

Finally, in *White*, the defendant, a 51-year old male, was found guilty of receiving and distributing child pornography, and possessing child pornography. Although the advisory guideline range was 108-135 months in prison, the district court imposed a sentence of 72 months.

In imposing that sentence, the district court relied on the defendant's age, medical condition, and lack of criminal record. In addition to those factors, there was psychological evidence before the Court from experts for both the government and the defendant, that the defendant posed a low risk of recidivism.

In affirming the sentence imposed by the district court as reasonable, the Circuit Court noted that the facts of the case were similar to those found in *Gray*. Additionally, the Circuit Court concluded that the district court properly considered the factors in § 3553(a). The Circuit Court specifically referenced the evidence before the trial court concerning the defendant's low risk of recidivism.

Finally, the Circuit Court explicitly rejected the government's contention that the district court's decision to impose a sentence below the guidelines range was impermissibly based on the defendant's lack of criminal history, a factor already taken into consideration by the advisory guideline calculations. The Circuit Court held that a district court, pursuant to § 3553(a), may consider factors already taken into account in calculating the advisory guideline range. *White*, 506 F.3d 639-41, 644-48.

The instant case involves similarities to the facts found in *McBride*, *Gray*, and *White*. As in both *McBride* and *Gray*, the offense of conviction in the instant case involved

8

hundreds of photographs depicting child pornography. Like the defendant in *McBride*, Mr. Irey has been diagnosed as a pedophile and personally engaged in sexual conduct with under-aged children. Like the defendants in both *Gray* and *White*, Mr. Irey has no prior criminal convictions.

Mr. Irey's personal history and characteristics, and the other factors contained in § 3553(a), simply support a sentence less than the 30 year in prison prescribed by the advisory guidelines.

Mr. Irey is currently 50 years of age. After serving the substantial term of imprisonment that will likely include at least the minimum mandatory sentence of 15 years in prison, Mr. Irey will be released at an extremely advanced age.

The psychological reports prepared by Dr. Fred Berlin and Dr. Ted Shaw, which have been provided to the Court, show that Mr. Irey has been diagnosed as a pedophile, and had a limited ability to control the behavior supporting the offense of conviction. The reports further establish that Mr. Irey is amenable to treatment and poses a relatively low risk of recidivism. Dr. Shaw's report notes that the authors of one of the risk assessment tests administered to Mr. Irey have found that few individuals over the age of 60 recidivate. The reports show that Mr. Irey is currently involved in a program at Lifestream Behavioral Center in Leesburg, Florida, and is receiving treatment and medication specifically directed at treating his psychiatric condition.

Additionally, the letters of support provided to the Court, and the testimony that will be presented at the sentencing hearing, will show that Mr. Irey continues to receive the support of his family. It will further establish that Mr. Irey has lived a life in which he has

consistently been a good person, provided for his family, and contributed to the community in a positive manner.

Although Mr. Irey concedes that a sentence more severe than that imposed in *McBride*, *Gray*, and *White* is appropriate based on the offense of conviction, and the specific conduct involved in the instant case, a sentence below the advisory guideline range is appropriate in order to avoid unwarranted sentencing disparity. Additionally, in light of Mr. Irey's advanced age and the low risk of recidivism detailed in the psychologic reports before the Court, such a sentence would be sufficient to protect the public.

In addition to the facts discussed above, the application of cumulative and overlapping sentence enhancements under the Sentencing Guidelines renders the advisory guideline range in this case artificially inflated. This Court, in an opinion issued by the Honorable Judge John Antoon II, recognized that the harsh cumulative effect resulting from the application of overlapping sentencing enhancements under the Guidelines is a factor that may be considered under a § 3553(a) analysis. *United States v. Lamonda*, 2008 WL 68744 at *19-20 (M.D. Fla. Jan. 2, 2008).

In the instant case, the PSR reflects that the advisory guideline range was enhanced pursuant to USSG § 2G2.1(b)(1) by four levels because the offense involved minors under the age of 12. (PSR ¶¶ 26, 35). It also reflects that the advisory guideline range was enhanced pursuant to USSG § 2G2.1(b)(3) by two levels because the offense involved the distribution of child pornography. (PSR ¶¶ 28, 37). It is readily apparent that these two enhancement categories will both apply in a substantial number of cases involving child pornography.

Based on the aforementioned factors, including the history and characteristics of Mr. Irey, his acceptance of responsibility, advanced age, the fact that he does not have a prior criminal record, the low risk of recidivism, and in the interest of avoiding unwarranted sentencing disparity, this Court should impose a sentence below the advisory guideline range of 360 months. A sentence of 15-20 years in prison, followed by a substantial term of supervised release, would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

s/ Kirk Kirkconnell
KIRK KIRKCONNELL
Florida Bar No. 111988

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Cynthia A. Hawkins, Assistant United States Attorney, United States Attorney's Office, 501 W. Church Street, Suite 300, Orlando, FL 32805.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  N/A.

> s/ Kirk Kirkconnell
> KIRK KIRKCONNELL, of
> KIRKCONNELL, LINDSEY, SNURE
> AND YATES, P.A.
> 1150 Louisiana Avenue, Suite 1
> Winter Park, FL 32789
> *Mail:*  P.O. Box 2728
> Winter Park, FL 32790
> Telephone:  (407) 644-7600
> Facsimile:  (407) 645-0805
> kirkconnellk@criminaldefenselaw.com
> Florida Bar No. 111988
>
> Attorneys for the Defendant