UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO. 6:06-cr-00237-GAP-DAB

WILLIAM IREY
_____/

## MOTION TO VACATE JUDGMENT ON REMAND AND SET CASE FOR RESENTENCING HEARING

The Defendant, WILLIAM IREY, by and through his undersigned attorneys, hereby moves this Honorable Court for an Order vacating the Judgment on Remand entered on April 20, 2011, and scheduling the case for a resentencing hearing where it considers all of the relevant information, including Mr. Irey's post-sentencing rehabilitation and conduct, to determine the appropriate sentence under 18 U.S.C. § 3553. As grounds therefore, Mr. Irey asserts the following:

1. On January 29, 2008, Mr. Irey appeared for sentencing before this Court. After conducting a full sentencing hearing and making detailed findings, this Court imposed a sentence which included 17.5 years (210 months) imprisonment and a lifetime term of supervised release.

2. The Government appealed the sentence imposed on Mr. Irey. On March 30, 2009, the Eleventh Circuit Court of Appeals issued a panel decision in which all three judges unanimously affirmed the sentence imposed by this Court. *United States v. Irey*, 563 F.3d 1223 (11th Cir. 2009).

3. On August 12, 2009, the Eleventh Circuit issued an Order *sua sponte* setting Mr. Irey's case for rehearing *en banc* and vacating the panel decision issued on March 30, 2009.

4. On July 29, 2010, the Eleventh Circuit issued a lengthy *en banc* decision vacating Mr. Irey's sentence and remanding the case to this Court with instructions that Mr. Irey be sentenced to 30 years in prison, the maximum permissible term of incarceration under the applicable statute, and the sentence prescribed by the Sentencing Guidelines. *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) (en banc). The Eleventh Circuit reached that result by concluding that "no downward variance is reasonable under the totality of the facts and circumstances of this case." *Id.* at 1224.

5. On October 22, 2010, this Court issued an Order granting Mr. Irey's Unopposed Motion for Continuance of Resentencing Hearing Pending Review in United States Supreme Court.

6. Mr. Irey subsequently filed a Petition for Writ of Certiorari in the United States Supreme Court, but the Supreme Court denied that petition on April 4, 2011.

7. On April 20, 2011, this Court, without conducting a resentencing hearing, and without providing Mr. Irey with any notice of its intent to do so, entered a Judgment on Remand in a Criminal Case, increasing Mr. Irey's sentence of imprisonment from 17.5 years to 30 years.

8. The Court's decision to increase Mr. Irey's sentence on remand without conducting a sentencing hearing, and without providing him with the opportunity to present evidence concerning his post-sentencing rehabilitation and post-sentencing conduct, is contrary to 18 U.S.C. § 3553, 18 U.S.C § 3661, the United States Supreme Court's recent decision in *Pepper v. United States*, 131 S.Ct. 1229 (U.S., Mar. 2, 2011).

9. In *Pepper*, the United States Supreme Court recently held that, where a defendant's sentence is set aside on appeal, a district court at resentencing may consider

evidence of the defendant's postsentencing rehabilitation, and that such evidence may, in appropriate cases, support a downward variance from the advisory guidelines. The Court reasoned as follows:

> although the Guidelines should be the starting point and initial benchmark, district courts may impose sentences within statutory limits based on an appropriate consideration of all the factors listed in § 3553(a) subject to appellate review for 'reasonableness.' This sentencing framework applies both at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been set aside on appeal.

131 S.Ct. at 1241 (internal citations omitted).

10. The Court concluded that a categorical bar precluding a district court from considering evidence of postsentencing rehabilitation would directly contravene Congress' expressed intent in 18 U.S.C. § 3661. *Id.* at 1242. Section 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

11. Additionally, the Court noted that evidence of postsentencing rehabilitation may be highly relevant to several of the factors in § 3553(a), including the history and characteristics of the defendant and the need to protect the public from future crimes of the defendant. The Court continued, stating that such evidence may also " critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper*, 131 S.Ct. at 1242

12. In reaching the conclusion that a district court cannot properly be precluded from considering postsentencing rehabilitation on remand, the Court concluded that there

is no clearly expressed Congressional policy to preclude a district court from considering **postsentencing information**. To the contrary, this Court reasoned, it is well-established that, at a resentencing proceeding, a district court can consider evidence that a defendant has committed new criminal offenses after he was originally sentenced. The Court found no evidence in §§ 3553(a) or 3661 that Congress intended that the consideration of post-sentencing information only be used by a district court to support a higher sentence. *Id.* at 1246-47, 1249.

 13. The fact that the United States Supreme Court decided not to grant Mr. Irey's petition for writ of certiorari does not provide any indication that the Supreme Court believes that this Court is required to impose a 30-year sentence on Mr. Irey or that it cannot consider any of Mr. Irey's post-sentencing conduct. The Supreme Court's decision to deny a petition for writ of certiorari does not constitute an expression of any opinion on the merits of that petition. *See Huber v. New Jersey Department of Environmental Protection*, 131 S.Ct. 1308 (U.S. 2011) (Scalia, J., statement respecting the denial of certiorari).

 14. Mr. Irey's original sentencing hearing was conducted by this Court more than 3 years ago, on January 29, 2008. Since that date, Mr. Irey has continued to take many positive steps to rehabilitate himself and to be a person who helps both the members of his family and his fellow inmates at the Butner Correctional Institution. Since his original sentencing hearing, he has continued to pursue the treatment he started at the Lifestream Psychiatric Hospital in 2007. He has voluntarily attended AA meetings and participated in group Bible Study.

 For the past year, Mr. Irey has been an Adult Literacy Tutor for his fellow inmates.

In his role as a tutor, Mr. Irey devotes 4 hours a day, 5 days a week, to assisting 11 inmate-students enhance their reading skills. Mr. Irey interviewed for this position in part because he suffered from dyslexia as a child and could identify with some of the challenges his fellow inmates are facing.

For more than 2 years, Mr. Irey has been also been participating in the Inmate Companion Program. As part of this program, Mr. Irey assists a disabled, wheel-chair bound inmate get to breakfast and dinner, obtain his medication, and keep his room clean.

During his time in prison, Mr. Irey has completed 8 community college classes offered to prisoners by the State of North Carolina, and earned an "A" in every class. The classes included writing classes and a class on the Old Testament, and ran for a period of 16 weeks. The classes were three hours in length and were conducted twice a week.

Mr. Irey continues to receive the support of his family members, including his wife, Candy Irey, his brother, Robert Irey, and his children. He continues to provide the members of his family with emotional support through telephone calls and letters. He recently helped arrange for his youngest son and daughter to be baptized at his hometown church in Monongahela, Pennsylvania.

15. At a resentencing hearing, Mr. Irey would present more in-depth testimonial and documentary evidence concerning all his post-sentencing conduct, and would provide the Court with evidence that he remains amenable to treatment and would not recidivate when he is released from prison.

16. Pursuant to *Pepper*, 18 U.S.C. § 3553, and 18 U.S.C. § 3661, and Mr. Irey's right to Due Process as guaranteed by the Fifth Amendment to the United States Constitution, this conduct must be considered by a district court imposing sentence on

remand from the reversal of the original sentence on appeal. In light of *Pepper,* the Eleventh Circuit's conclusion that no sentence other than 30 years in prison is reasonable in this case does not preclude this Court from considering that conduct and determining whether a downward variance is appropriate.

17. In fact, at the time that it issued its *En Banc* decision in this case, the Eleventh Circuit's decision in *United States v. Lorenzo*, 471 F.3d 1219 (11th Cir. 2006), actually precluded a district court from considering post-sentence rehabilitative conduct. In light of *Pepper,* the Eleventh Circuit has how receded from that position. *See United States v. Smith*, 2011 WL 1400229 (11th Cir., Apr. 21, 2011).

18. Therefore, at the time it issued its *En Banc* decision, the Eleventh Circuit did not contemplate post-sentencing conduct being relevant to the district court's proper determination of a defendant's sentence on remand. As such, in light of *Pepper,* the Court's remand order should not be viewed as precluding consideration of such conduct for purposes of resentencing.

19. Accordingly, this Court should vacate the judgment it entered on April 20, 2011 and schedule this case for a resentencing hearing where it considers all of the relevant information, including Mr. Irey's post-sentencing rehabilitation and conduct, to determine the appropriate sentence under 18 U.S.C. § 3553.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided notice to Assistant United States Attorney Roger Handberg, 501 W. Church Street, Suite 300, Orlando, FL 32805, roger.handberg@usdoj.gov

                        s/Kirk N. Kirkconnell
                        KIRK N. KIRKCONNELL
                        Florida Bar Number 111988
                        kirkconnellk@criminaldefenselaw.com

                        s/William R. Ponall
                        WILLIAM R. PONALL
                        Florida Bar Number 421634
                        ponallb@criminaldefenselaw.com

                        KIRKCONNELL, LINDSEY, SNURE
                         AND PONALL, P.A.
                        1150 Louisiana Avenue, Suite 1
                        Winter Park, FL 32789
                        *Mail:* P.O. Box 2728
                        Winter Park, FL 32790
                        Telephone: (407) 644-7600
                        Facsimile: (407) 645-0805

                        Attorneys for Defendant