UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 6:06-cr-237-Orl-31DAB

WILLIAM IREY

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO MOTION TO VACATE JUDGMENT ON REMAND AND SET CASE FOR RESENTENCING HEARING**

The United States of America, appearing by the undersigned Assistant United States Attorney, files its Memorandum in Response to Motion to Vacate Judgment on Remand and Set Case for Resentencing Hearing, as follows:

**I. Introduction**

The United States does not oppose the Defendant's request to vacate the Judgment that was entered on remand for the limited purpose of allowing him to be present for the Court's imposition of a thirty year sentence. The United States does oppose, however, the Defendant's request to have a resentencing hearing at which he can present information about his post-sentencing conduct and argue for a downward variance from a thirty year sentence. Such a resentencing, or downward variance, would be contrary to the mandate issued by the Eleventh Circuit Court of Appeals. Nor is such a resentencing required by Pepper v. United States, 131 S. Ct. 1229 (2011).

**II. Summary of Proceedings**

1.     On July 29, 2010, the Eleventh Circuit Court of Appeals issued an en banc decision vacating the Defendant's sentence with instructions that the Defendant be sentenced to thirty years in federal prison:

> Because we have determined that a downward deviation from the guidelines range in this case is unreasonable, it follows that the only action on remand that will be consistent with this opinion is resentencing with the guidelines range, which necessarily means a sentence of 30 years.

United States v. Irey, 612 F.3d 1160, 1224-25 (11th Cir. 2010) (en banc); see also Doc. 75-1-58.

2. On September 8, 2010, the Eleventh Circuit issued as its mandate a judgment and the Circuit Court's July 29, 2010 opinion.

3. On April 20, 2011, the Court entered a Judgment on Remand in a Criminal Case in which the Defendant was sentenced to thirty years in federal prison. Doc. 85. No sentencing hearing was held.

4. On April 29, 2011, the Defendant filed his Motion to Vacate Judgment on Remand and Set Case for Resentencing Hearing. Doc. 86. In that Motion, the Defendant requests that the Court "vacate the judgment it entered on April 20, 2011 and schedule this case for a resentencing hearing where it considers all of the relevant information, including Mr. Irey's post-sentencing rehabilitation and conduct, to determine the appropriate sentence under 18 U.S.C. § 3553." Doc. 86-6.

### III. Argument and Citation of Authorities

**A. The United States Does Not Oppose the Defendant's Request to Vacate the April 20, 2011 Judgment for the Limited Purpose of Allowing Him to Be Present for the Court's Imposition of a Thirty Year Sentence.**

A defendant's "right to a resentencing hearing depends on whether his original sentencing package was vacated in its entirety." Adams v. United States, 2009 WL 1911013, at 1 (11th Cir. July 6, 2009). In general, a "defendant's right to be present

extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing." United States v. Jackson, 923 F.2d 1494 (11th Cir. 1991).  By contrast, "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a re-sentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous," Id. at 1497; see also Adams, 2009 WL 1911013, at *3.

In this case, the entire sentencing package has not been vacated in its entirety. Instead, the Eleventh Circuit has remanded the case for the limited purpose of imposing a thirty year term of imprisonment, as opposed to conducting another complete sentencing hearing.  Because the imposition of the increased term of imprisonment will make the Defendant's sentence "more onerous," however, the United States does not oppose the Defendant's request to vacate the Judgment for the limited purpose of allowing him to be present when the Court imposes the thirty year sentence.

    **B.**    **The Defendant's Request to Have a Resentencing Hearing at Which He Can Present Information about His Post-sentencing Conduct and Argue for a Downward Variance from a Thirty Year Sentence Should Be Denied.**

The Eleventh Circuit has remanded the case for the limited purpose of imposing a thirty year term of imprisonment:

> Because we have determined that a downward deviation from the guidelines range in this case is unreasonable, it follows that the only action on remand that will be consistent with this opinion is resentencing with the guidelines range, which necessarily means a sentence of 30 years.

Irey, 612 F.3d at 1224-25; see also Doc. 75-1-58.  It is well established that "[i]f the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation."  United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001) (citing Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc)).  A District Court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate."  Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985).  In Litman, the Eleventh Circuit discussed the rationale behind these rules regarding a District Court's obligation to follow a mandate from the Circuit Court:

> When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order.  A different result would encourage and invite district courts to engage in *ad hoc* analysis of the propriety of appellate court rulings.  Post mandate maneuvering in the district courts would undermine the authority of appellate courts and create a great deal of uncertainty in the judicial process. It would also eliminate any hope of finality.

Litman, 825 F.2d at 1511-12.

Although a District Court is free to address, as a matter of first impression, those issues not disposed of on appeal, it must follow the appellate court's holdings, both expressed and implied.  Piambino, 757 F.2d at 1119-20 ("Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, * * *, it is bound to follow the appellate court's holdings, both expressed and implied. * * * The 'mandate rule,' as it is known, is nothing more than a specific application of the 'law of the case' doctrine.  This doctrine stands for the proposition that an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the

presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice.") (citations omitted).  The District Court must take into account the "appellate court's opinion . . . and the circumstances it embraces," and it must implement both the letter and the spirit of the mandate. Id. at 1119-20; accord United States v. Jones, 36 F.3d 1068, 1069 (11th Cir. 1994); Pelletier v. Zweifel, 987 F.2d 716, 718 (11th Cir. 1993).

In this case, both the letter and spirit of the mandate require imposition of a thirty year sentence for the Defendant upon remand.  The recently decided Pepper case does not dictate a different result.  In Pepper, the United States Supreme Court held that the Circuit Court had "erred in categorically precluding the District Court from considering evidence of Pepper's postsentencing rehabilitation after his initial sentence was set aside on appeal." Pepper, 131 S. Ct. at 1249.  The United States Supreme Court stated, however, that its decision did not "preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding":

> Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of post-sentencing rehabilitation.  **Nor do we mean to preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding.**  *See, e.g., United States v. Bernado Sanchez*, 569 F.3d 995, 1000 (C.A. 9 2009).

Id. at 1249 n. 17 (emphasis added).

This is such a case where a Court of Appeals has issued a "limited remand order" that "render[s] evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." The Eleventh Circuit's mandate does not contemplate a complete re-sentencing or any presentation of additional evidence. Rather, the mandate limits the proceedings on remand to imposition of a thirty year sentence. Given the extensive analysis set forth in the Eleventh Circuit's en banc decision regarding the application of the Section 3553(a) factors to this case, there is no support for the argument that evidence of the Defendant's postsentencing rehabilitation is relevant "in light of the narrow purposes of the remand proceeding."

Nevertheless, even if the Eleventh Circuit's mandate, in light of Pepper, theoretically allowed for the consideration of post-sentencing rehabilitation, the Circuit Court's opinion does not allow for a lesser sentence here. The en banc Circuit Court concluded that the Defendant's "sentence is substantively unreasonable primarily, but not solely, because of the nature and extent of William Irey's criminal conduct." Irey, 612 F.3d at 1166. The nature and extent of his criminal conduct has not changed, nor has its effect on the dozens of children he raped and tortured. His thirty year sentence--well under a year per child victim--remains necessary to, as the Court of Appeals stated, "reflect the seriousness of and provide just punishment for Irey's [offenses,]" "promote respect for the law," and avoid disparity in sentencing. Id. at 1220-22. The Defendant's asserted rehabilitation does not change these or the other conclusions underpinning the Eleventh Circuit's decision. Indeed, the Court of Appeals accepted for purposes of that appeal that, "at the end of a 17 1/2-year sentence--15 years and 3 months after it was imposed--Irey would present a low risk of recidivism." Id. at 1216. Yet, notwithstanding

its acceptance of the Defendant's rehabilitation, it still concluded that nothing less than thirty years' imprisonment could be imposed. That should be the result on remand.

## IV. Conclusion

For the reasons set forth in this Response, the United States does not oppose the Defendant's request to vacate the Judgment (Doc. 85) for the limited purpose of allowing him to be present for the Court's imposition of a thirty year sentence. The United States does oppose, however, the Defendant's request to have a resentencing hearing at which he can present information about his post-sentencing conduct and argue for a downward variance from a thirty year sentence. Such a resentencing is not required by Pepper, and such a resentencing, or downward variance, would be contrary to the Circuit Court's mandate. Moreover, even if the Eleventh Circuit's mandate, in light of Pepper, theoretically allowed for the consideration of post-sentencing rehabilitation, the Circuit Court's opinion does not allow for a lesser sentence here than thirty years in federal prison.

        ROBERT E. O'NEILL
        United States Attorney

By:   *s/ Roger B. Handberg*
      Roger B. Handberg
      Assistant United States Attorney
      Florida Bar No. 0241570
      501 West Church Street, Suite 300
      Orlando, Florida  32805
      Telephone:   (407) 648-7500
      Facsimile:    (407) 648-7643
      E-mail:         roger.handberg@usdoj.gov

U.S. v. WILLIAM IREY                                          Case No. 6:06-cr-237-Orl-31DAB

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Kirk N. Kirkconnell, Esq.
    William R. Ponall, Esq.


                                             *s/ Roger B. Handberg*
                                             Roger B. Handberg
                                             Assistant United States Attorney
                                             Florida Bar No. 0241570
                                             501 West Church Street, Suite 300
                                             Orlando, Florida  32805
                                             Telephone:   (407) 648-7500
                                             Facsimile:   (407) 648-7643
                                             E-mail:       roger.handberg@usdoj.gov