[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12483
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:06-cr-00237-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM IREY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 24, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

William Irey pleaded guilty to and was convicted of sexually exploiting children overseas for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(c).  He challenges his 360-month sentence, which the district court imposed following a limited remand from this Court.  Irey contends that, despite this Court's limited remand directing the district court to impose a 360-month sentence, the district court was required to consider evidence of his conduct since he has been in prison.  He appeals the district court's judgment imposing the sentence and its order denying his motion to vacate that judgment.

I.

The facts underlying Irey's criminal conduct are detailed in <u>United States v. Irey</u>, 612 F.3d 1160, 1166–68 (11th Cir. 2010) (<u>en banc</u>), which summed up those facts as follows:

> It is difficult to find a case involving sexual abuse of children that compares to this one.  The number of Irey's victims (at least 50), the very young age (four, five, and six years old) of some of them, the extreme nature of the abuse and torture that he inflicted on them, the number of years it went on (four or five), and the massive amount of graphic child pornography that he single-handedly produced and distributed (at least 1,200 photographs or videos showing Irey himself sexually abusing the children) combine to make his criminal behavior the worst of the worst.

Id. at 1219–20.  The district court initially sentenced Irey to 210 months, which was a substantial downward deviation from the 360-month sentence recommended by the sentencing guidelines.  See id. at 1180.  The government appealed and this Court sitting en banc held that the downward variance was substantively unreasonable.  Id. at 1222.  We concluded that no downward variance would be reasonable in Irey's case, and "[n]othing less than the advisory guidelines sentence of 30 years, which is the maximum available, will serve the sentencing purposes set out in [18 U.S.C.] § 3553(a)."  Id.

>We explained:
>
>This is one of those unusual cases where the top and bottom of the guidelines range are the same; both are 30 years.  There can be no upward variance because the statutory maximum is also 30 years.  As a result, our holding that no downward variance is reasonable under the totality of the facts and circumstances of this case means that on remand the sentence must be 30 years.

Id. at 1224.  Accordingly, we issued a very limited remand: "Because we have determined that a downward deviation from the guidelines range in this case is unreasonable, it follows that the only action on remand that will be consistent with this opinion is resentencing within the guidelines range, which necessarily means a sentence of 30 years."  Id. at 1224–25.

The Supreme Court denied Irey's petition for a writ of certiorari. Irey v. United States, 131 S.Ct. 1813 (2011). After that the district court issued a judgment that followed this Court's limited mandate and resentenced Irey to 360 months (30 years). Irey then moved the district court to vacate that judgment, arguing that it should have permitted him to present evidence of his post-sentencing rehabilitation based on the Supreme Court's decision in Pepper v. United States, 562 U.S. __, 131 S.Ct. 1229 (2011), which was issued after our en banc decision in this case. The district court denied Irey's motion, finding that Pepper did not apply because our mandate limited the remand to having that court impose a 30-year sentence.

Irey appealed, raising one issue: whether the district court erred by resentencing him to 30 years of imprisonment without considering evidence of his post-sentencing conduct. The crux of his argument is that Pepper was an intervening change in controlling law that required the district court to consider his post-sentencing conduct notwithstanding our limited mandate that only a 30-year sentence would be reasonable.

II.

A district court acting on remand cannot vary or examine our mandate "for any other purpose than execution; or give any other or further relief; or review it,

even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (quotation marks omitted).  When we issue a limited mandate, "the trial court is restricted in the range of issues it may consider on remand." United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). Ruling on matters outside of the scope of a limited mandate constitutes an abuse of discretion.  Tamayo, 80 F.3d at 1520.

The mandate rule has three exceptions:  (1) a later trial produces substantially new evidence; (2) there is a change in controlling legal authority; or (3) a clear error in the earlier appellate decision would work manifest injustice. United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007).  Irey argues that the second exception to the mandate rule applies here.  The Supreme Court's Pepper decision, however, was not an intervening change in controlling law that required or permitted the district court to deviate from this Court's mandate in order to consider Irey's post-conviction conduct.

Pepper held that when a defendant's sentence has been set aside on appeal, a district court "may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Pepper, 562 U.S. at

5

__, 131 S.Ct. at 1249 (emphasis added). The Court expressly stated, however, that it did not "mean to preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." Id. at 1249 n.17. Irey's case is one of those for which our limited remand order rendered evidence of post-sentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding. The district court followed our limited remand order as it was required to do.[1]

**AFFIRMED.**

---

[1] We do not mean to imply that the ultimate sentence imposed on Irey might have been lower as a result of Pepper if our remand had not been limited. Given the extraordinary facts of his crime, which were discussed at length in our opinion, see Irey, 612 F.3d at 1166–68, 1176–77, 1206–09, 1219–25, no sentence less than 30 years would be reasonable regardless of his post-sentencing rehabilitation.

6