

UNITED STATES COURT HOUSE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
401 West Central Boulevard, Ste 1200
Orlando, Florida 32801

CASE:   6:06-CR-00237-ORL-31DAB

|  |  |
|---|---|
| William Glenn Irey )<br>      Petitioner )<br> )<br>  Reg:  26573-018 )<br> )<br> )<br>v )<br> )<br> )<br>UNITED STATES OF AMERICA )<br>     RESPONDENT ) | CASE:_____<br><br>VERIFIED 60(b)(4) |

PETITIONER'S PETITION PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 60(b)4 FOR RELIEF FROM VOID JUDGMENT

This is a petition to declare the judgment in this case void, ab initio, pursuant to FRCivP 60(b)(4) for lack of jurisdiction, violations of due process, and fraud on the court by the government.  In this case Petitioner will prove that relief is required. The Supreme Court has determined that 60(b)(4) is applicable in criminal cases.  It does not attack the issues related to a case; it attacks whether a case could even exist.  Petitioner is entitled to relief pursuant to FRCivP 60(b)(4).

Petitioner incorporates his prior filings by reference, as if fully set forth herein.

Petitioner incorporates the exhibits attached as if fully set forth herein.

Petitioner requests an enlargement of page limit to properly present Petitioner's claims.

1

Exhibit A is incorporated herein by reference, as if fully set forth herein. Exhibit A, is the Lappin Memorandum. Harley Lappin was head of the Bureau of Prisons sent to staff on July 27, 2009, after a study performed by the Department of Justice. The Department of Justice determined that Public Law 80-772 (H.R. 3190), does not exist as a law.

Exhibit B is incorporated herein by reference, as if fully set forth herein. Exhibit B is the affidavit of Judge Walter Swietlik, who analyzed Public Law 80-772 (H.R. 3190), and found that no law exists.

Exhibit C is incorporated herein by reference, as if fully set forth herein. Exhibit C is a list of witnesses to be brought to the Offer of Proof hearing required to preserve Petitioner's Constitutional rights.

Jeff Sessions, prior to his confirmation as Attorney General of the United States, stated that he only operates on the Rule of Law. Since that is now the credo of the United States government, and since 18 USC sections 3231, 4082, and 4081, are void as a matter of law, no valid judgment exists. Petitioner should be immediately released and restored to his freedom.

As is established herein, the court only obtains its jurisdiction to prosecute a person for any alleged crime pursuant to 18 U.S.C. § 3231. 18 U.S.C. § 3231 is part of Public Law 80-772 (Title 18, 1948) and pursuant to the *in toto* doctrine, if Public Law 80-772 was never constitutionally passed by Congress, then no jurisdiction ever existed to imprison Petitioner. As proven herein, a different bill was passed in 1947, in the House pursuant to Public Law 80-772 than was passed in the Senate in 1948 pursuant to Public Law 80-772.

2

No judgment is valid against Petitioner exists because of the conflict of interest of the judge in this case.

No judgment exists because of the fraud by the Prosecutor in these proceedings.

No judgment exists because of the violations of Due Process in these proceedings. Each violation of Due Process voids all proceedings forward.

### A. Judge and Prosecutor are Presumed to Know the Law

Ignorance of the law is not an excuse for the judge or prosecutor. "[t]rial judges are presumed to know the law and to apply it in making their decision. "*Id.,* at ----, 110 S.Ct. at 3057. "*Feltrop v. Missouri*, 501 U.S. 1262 (1991). It stands *a fiortiori*, that the prosecutor is presumed to know the law.

Judges are bound by their oath of office to the Constitution and laws of the United States. See also *Sibron v. New York*, 392 U.S. 540, 392 U.S. 540, 40, 51-52 (1968)("Many deep and abiding constitutional problems are encountered primarily at the level of low visibility in the criminal process. We do not believe that the Constitution contemplates that people deprived of Constitutional rights at this level should be left utterly remediless and defenseless against repetitions of Unconstitutional conduct.")

### B. The Burden of Proof is Now on the Government

When jurisdiction is challenged the burden of proof shifts back to the government

3

to prove its jurisdiction.  A judge's failure to require the government to prove its right is by itself a violation of 28 U.S.C. section 453, he/she is acting for the government.  That is automatically reversible error for violations of the Separation of Powers Doctrine.

### C.  Offer of Proof

Petitioner files this petition as an offer of proof to establish lack of jurisdiction, violations of due process, and actual innocence of Petitioner.

The court cannot refuse an offer of proof.  "Allegations such as those asserted by petitioner, (a pro se litigant), however in-artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.  Accordingly, although we intimate no view on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof." *Haines v. Kerner*, 404 U.S. 519, 522 (1972).

Pursuant to *Haines v. Kerner*, infra, Petitioner demands a show cause hearing at the court's earliest convenience  in order that the truth be ascertained and proceedings justly determined through this offer of proof, with witnesses, evidence and testimony presented on behalf of Petitioner.

Petitioner has witnesses, evidence, and testimony related to Petitioner's verified filings and an offer of proof that Petitioner is actually innocent as a matter of law, that due process violations void the judgment, that Petitioner is illegally confined and kidnapped by the United States Department of Justice and that the statutes used to convict and confine Petitioner are unconstitutional and void, *ab initio*.

Upon evidencing the essential facts provided to the court, it will be plain and

4

clear to the court that the case against Petitioner must be totally stricken from the record and Petitioner declared actually innocent as a matter of law, restoring Petitioner in every way possible to Petitioner's condition prior to the government's violations.

### D. Introduction

Petitioner should be released within 72 hours and restored to his freedom.

Petitioner incorporates Petitioner's prior filings by reference, as if fully set forth herein.

Petitioner requests the court to allow Petitioner's enlargement of page limit to incorporate the additional pages required to properly present Petitioner's arguments.

President Herbert Hoover stated that Public Office is a Public Trust.  No public trust exists in this case because of the fraud by the prosecutors, who are officers of the court.  No valid officer of the court would intentionally imprison someone when the Department of Justice(DOJ)  had already determined by June 2009 that any prosecution in a federal criminal case is unconstitutional.  In fact, the prosecutors acted to enhance their careers at the expense of Petitioner, who is legally innocent.  They all have received benefits for false imprisonment. To steal a person's life at the benefit of one's own career is a complete debasement of what made America a country of law.  No penalties could be too much for people that debased the Constitution, committed fraud on the Constitution, and committed treason against the Constitution.  A real officer of the court, if that person did not know about the lack of jurisdiction at the time of the case, would, once that officer found out he had imprisoned a person in violation of the Constitution and laws of the United States, go to the court and request that person's immediate release.

5

This offer of proof establishes that the indictment is void; the court never had jurisdiction because:  1)  A different bill passed the House than passed the Senate in the 80th Congress, in violation of Article I, Section 7, of the Constitution; 2) 18 U.S.C. § 3231 is void *ab initio*;  3)  the DOJ committed fraud on the court because they had knowledge from their own investigation which proved that 18 U.S.C. § 3231 is void, *ab initio*;  4)  the judge knew or should have known that the statute the DOJ was using was void; 5)  the indictment process was invalid as a matter of law; 6) no transfer of any judgment could be made because the statutes allowing any transfer of judgment, 18 USC §§ 4082 and 4081, are not in the statutes at large and *void ab initio*; 7) defense counsel violated the Sixth Amendment because defense counsel failed to produce a "dead bang winner"; 8) the prosecutor committed fraud on the court because the prosecutor knew the complete criminal process was a fraud as determined by the Department of Justice own study, and failed to notify the court and request revocation of sentence and 9) the DOJ committed fraud before Congress when it submitted their annual budget for incarceration fees which included the Petitioner.

## E.   FRCivP 60(b)(4) Is Valid for Criminal Cases

F,R,Civ.P. 60(b) Motion is a continuation of a criminal case, not a new case under a new civil docket number (i.e., 28 U.S.C. § 2255).  The Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) stated:

"Rule 60(b) has an unquestionably valid role to play in habeas cases.  The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, e.g., *Klapprott*, 335 U.S. at 615 (1949) [opinion of Black, J., a function as legitimate in habeas cases as in run-of-the mill civil cases.  The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for <u>Lack of subject matter jurisdiction</u> – a consideration just as valid in habeas cases as in any other, since the absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Steel Co. v. Citizens*, 523 U.S. 83, 94 (1998). "In some instances, it is the State, not the

habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ. See, e.g., *Ritter v. Smith*, 811 F. 2d 1398, 1400 (11th Cir. 1987)."

As stated in the dissent to Gonzales by Justice Stevens, joined by Justice Souter, 545 U.S. at 539:

"The most significant aspect of today's decision is the Court's UNANIMOUS REJECTION OF THE VIEW THAT ALL POST-JUDGMENT MOTIONS UNDER f.r.Civ.P. 60(b) except those alleging fraud under Rule 60(b)(3) should be treated as second or successive habeas corpus petitions."

Petitioner judicially notices *Ritter v. Smith, Gonzalez v. Crosby, Steel Co. v. Citizens*. "A matter of law may be judicially noticed as a matter of fact, that is, the court , not as a rule governing the case before it, but as a social fact with evidentiary consequences." *City of Wichita v. U.S. Gypsum Co.*, 72 D.3d 1491, 1496 (10th Cir. 1996).

A F.R.Civ.P. 60(b)(4) motion – "Judgment is Void" is an attack, <u>not on the judgment on the merits, but instead on the jurisdiction of the court to address those merits</u>. Such a motion is a "true 60(b) motion" within the meaning of *Gonzales*, not a second or successive" 2255 filing.

Thus this Court's jurisdiction to hear and determine the government's personal and subject matter jurisdiction challenged by this F.R.Civ.P. 60(b)(4) Motion is firmly established by the Supreme Court.

The court knowingly violated Due Process and has established undisputed bias by using improper precedent, not Supreme Court precedent, to deny Petitioner relief. The court violated the Rule of Stare Decisis and established bias on the face of its orders. If the court wants to change the law it should follow the procedure to change law. The judge is supposed to be independent and an arbitrator of justice, not biased by either party.

A criminal case is not a new case under a new civil docket number (i.e., 28 U.S.C.

7

§ 2255).  See *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

The court knowingly violated Due Process and has established undisputed bias by using improper precedent, not Supreme Court precedent, to deny Petitioner's relief. The court also violated the Rule of Stare Decisis and established bias on the face of its orders/judgments.

### F.  Authorities Related to FRCiv.P 60(b)(4) Void Judgments

*Wendt v. Leonard*, 431 F.3d 410, 402-13 (4th Cir. 2005)("An order is void for purposes of [FRCP] 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."

*Central Vt. Pub. Serv. V. Herbert*, 341 F.3d 186, 189 (2d. Cir. 2001)("Under [FRCP] 60(b)(4), a deferential standard of review is not appropriate because if the underlying judgment is void, it is *a per se abuse of discretion* for a district court not to vacate the judgment under Rule 60(b)(4)").

Under Federal law which is applicable to all states under the Supremacy Doctrine, the U.S. Supreme Court stated that if a court is

*"without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." [Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*

"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732-733 (1878). [*World-Wide Volkwagen Corp. v. Woodson*, 444 U.S. 286 (1980)

Void judgment.  One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally.  *Reynolds v. Volunteer State Life Ins. Co.*, Tex.Civ.App., 80 S.W.2d 1087, 1092.  One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree.  Judgment is a "void judgment" if court that rendered judgment

lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. *Klugh v. U.S., D.C.S.C.*, 610 F.Supp. 892, 901. [Black's Law Dictionary, 6th Ed., p.1574]

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. See:*Wahl v. Round Valley Bank*, 38 Ariz. 411, 300,355(1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P.203;(1914); *Milliken v. Meyer*, <u>311 U.S. 457</u>, (1940).

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order <u>procured by fraud</u>, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.   See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999)

A void judgment is one which, from its inception, was a complete nullity and without legal effect. See *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, (C.A. 1 Mass. 1972); *Hobbs v. U.S. Office of Personnel Management*, 485 F.Supp. 456 (M.D. Fla. 1980); *Holstein v. City of Chicago*, 803 F.Supp. 205, recon.denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992).

Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5-*Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986).

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process,  Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; Const Amend. 5. *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985).

Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects, *Ward. v. Terriere*, 386 P.2d 352 (Colo. 1963).  A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, *Davidson Chevrolet, Inc. v. City and County of Denver*, 330 P.2d 1116, cert. denied 79 S.Ct. 609, <u>359 U.S. 926</u>, (Colo. 1958).

Jurisdiction <u>ceases</u> with a violation of due process, *Johnson v. Zerbst*, <u>304 U.S. 458</u>, (1938)If the court exceeded its statutory authority, *Rosenstiel v. Rosenstiel*, 278 F.Supp. 794 (S.D.N.Y. 1967).

9

Jurisdiction ceases where any litigant was represented before a court by a person/law firm that is prohibited by law to practice in that jurisdiction.

A judgment is void where a summons was not properly issued.

The Ninth Circuit Court of Appeals has also stated that if the district court finds that a judgment is void they must vacate the judgment and does not need to consider the merits of any defense, any prejudice to the plaintiff, or any culpable conduct on the part of the defendant.

A void judgment is a legal nullity.  See Black's Law Dictionary 1822 (3d ed. 1933); see also *id.* at 1709 (9th ed. 2009).

Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity, that the infirmity may be raised even after the judgment becomes final.  See Restatement (Second) of Judgments 22 (1980), see also *id.* section 12.

A well known Federal Practice Guide states that there is no time limit on filing a Rule 60(b)(4)  motion.  See 11 Charles Allan Wright et al, <u>Federal Practice and Procedure</u> section 2862 (3d ed. 2013).

In discussing Rule 60, the Ninth Circuit Court of Appeals has stated that this rule, like all Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. (1983)(international citations omitted).  See F.R.Civ.P. 1: "The Federal Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

The  judgment is void because the court did not have subject-matter jurisdiction. See *Carter v, Fenner*, 136 F. 3d 1000, 1006-07 (5rh Cir. (1998).

The judgment is void because the court did not have personal jurisdiction. *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002).

The judgment is void because the court acted inconsistently with due process of law. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142-43 (5th Cir. *1996),

The judgment is void because the court did not have power to grant relief. *In re Heckert*, 272 F.3d 23, 257 (4th Cir. 2001); *Varnes v. Local 91, Glass Bottle Blowers Association*, 674 F. 2d 1365, 1367-68 (11th Cir. 1982.

A party is entitled to relief from the judgment if <u>intervening acts</u> justify vacating the judgment.  Fed.R.Civ.P. 60(b)(5).

### G. <u>The Law Related to Pro Se Parties</u>

*Pro se* legal representation means advocating on one's own behalf before a court, rather than being represented by a lawyer. This may occur in any court proceeding, whether one is the <u>defendant</u> or <u>plaintiff</u> in <u>civil</u> cases, and when one is a defendant in criminal cases. *Pro se* is a <u>Latin</u> phrase meaning "for oneself" or "on one's own behalf". This status is sometimes known as *propria persona.*

The right of a party to a legal action to represent his or her own cause has long been recognized in the United States, and even predates the ratification of the <u>Constitution</u>.

The <u>Supreme Court</u> noted that "[i]n the <u>federal courts</u>, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the <u>Judiciary Act of 1789</u>, 1 Stat. 73, 92, enacted by the <u>First Congress</u> and signed by President <u>Washington</u> one day before the <u>Sixth Amendment</u> was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of counsel.'"

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court of the United States held that criminal defendants have a constitutional right to refuse counsel and represent themselves in state criminal proceedings. It stands *a fortiori*, that defendants have a right to represent themselves in federal proceedings.

The U.S. Judiciary Act, the Code of Conduct for United States Judges, the <u>Federal Rules of Civil Procedure</u>, the <u>Federal Rules of Criminal Procedure</u>, the <u>Federal Rules of Evidence</u> and the <u>Federal Rules of Appellate Procedure</u> address the rights of the self-represented litigant.

11

Section 1654 of title 28 of the United States Code provides: "In all courts of the

United States the parties may plead and conduct their own cases personally or by counsel

as, by the rules of such courts, respectively, are permitted to manage and conduct causes

therein."

See *Haines v. Kerner*, 404 U.S. 520 (1971)

*"Plaintiff-inmate filed pro se complaint against prison seeking compensation for*

*damages sustained while placed in solitary confinement. In finding plaintiff's complaint*

*legally sufficient, Supreme Court found that pro se pleadings should be held to "less stringent*

*standards" than those drafted by attorneys."*

## H.  The Record is the Only Authority That Exists

The record refers "to 'a precise history of a suit from its commencement to it's

termination, including the conclusions of law thereon by the proper officer for the purpose

of perpetuating the exact state of facts.' 159 N.E. 591, 592." Barron's Law Dictionary.

The record is the only authority that exists in this case, and therefore if a document is not

on the record it does not legally exist.

### 1.  The Law Requires That All Facts Must Be on the Record

Petitioner takes judicial notice of FRE 803(6):

"Records of regularly conducted activity.   A memorandum, report, record, or
data compilation, in any form, of acts, events, conditions, opinions, or diagnoses,
made at or near the time by, or from information transmitted by, a person with
knowledge, if kept in the course of a regularly conducted business activity, and if
it was the regular practice of that business activity to make the memorandum,
report, record or date  compilation, all as shown by the testimony of the
custodian or other qualified witness, or by certification that complies with Rule
902(11), Rule 902(12), or a statute permitting certification, unless the source of

information or circumstances of preparation indicate lack or trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." *Thanongsish v. Board of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006). FRE 793*6) "permits the authentication of a business record by the 'custodian' of the record or any 'other qualified witness."
Petitioner takes judicial notice of FRE 901:
   "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." (7) "Public records or reports. Evidence that a writing is authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."
   2.   FRCrimP 55

"The clerk of the district court must keep records of criminal proceedings in the form prescribed by the Director of the Administrative Office of the United States Courts. The clerk must enter in the records every court order or judgment and the date of entry."

   3.   FRCivP 79

"(a)(1) *In General.*   The clerk must keep a record known as the "civil docket" in the form and manner prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States.   The clerk must enter each civil action in the docket. Actions must be assigned consecutive file numbers, which must be noted in the docket where the first entry of the action is made.

   (2) *Items to be Entered.*   The following items must be marked with the file number and entered chronologically in the docket:

   (A) papers filed with the clerk;

   (B) process issued, and proofs of service or other returns showing execution; and

   (C) appearances, orders, verdicts, and judgments.

   (3) *Contents of Entries; Jury Trial Demanded.* Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.

(b) CIVIL JUDGMENTS AND ORDERS. The clerk must keep a copy of every final judgment and appealable order; of every order affecting title to or a lien on real or personal

13

property; and of any other order that the court directs to be kept. The clerk must keep these in the form and manner prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States.

(c) INDEXES; CALENDARS.  Under the court's direction, the clerk must:

   (1) keep indexes of the docket and of the judgments and orders described in <u>Rule 79(b)</u>; and

   (2) prepare calendars of all actions ready for trial, distinguishing jury trials from nonjury trials.

(d) OTHER RECORDS. The clerk must keep any other records required by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States."

   4.  <u>Petitioner Takes Judicial Notice of the Docket Sheet in This Case</u>
   Petitioner takes judicial notice of the docket sheet in this case, which

proves that no record exists of a criminal complaint, no grand jury array was provided to

Petitioner,  no examining trial was conducted,  no quorum was present on the record, no

presentation in open court was present on the record.  The judgment is void.

   I.  <u>How Judicial Bias is Established:  Violations of 28 U.S.C. sections 453, 454, 455</u>

   For centuries, impartiality has been a defining feature of the AngloAmerican

judge's role in the administration of justice. The reason is clear: in a constitutional order

grounded in the rule of law, it is imperative that judges make decisions <u>according to law,</u>

<u>unclouded by personal bias or conflicts of interest</u>. Accordingly, upon ascending the bench,

<u>every federal judge takes an oath to "faithfully and impartially discharge and perform all</u>

<u>the duties" of judicial office;</u>  1. and the Due Process Clause of the Fourteenth Amendment

to the United States Constitution has been construed to guarantee litigants the right to a

"neutral and detached," or impartial, judge. 2 Moreover, in a democratic republic in which

the legitimacy of government depends on the consent and approval of the governed, <u>public</u>

<u>confidence in the administration of justice is indispensable. It is not enough that judges be impartial; the public must perceive them to be so. The Code of Conduct for United States Judges therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities."</u>[3] <u>When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter.</u> In *Caperton v. A.T. Massey Coal Co.*,[4] a case concerning disqualification of a state supreme court justice, the U.S. Supreme Court reaffirmed that <u>litigants have a due process right to an impartial judge</u>, and that under circumstances in which judicial bias was probable, <u>due process required disqualification.</u> The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires.

1. 28 U.S.C. § 453.  2. *Ward v. Village of Monroeville*, 409 U.S. 57 (1972).  3. Code of Conduct for United States Judges, Canon 2A.  4. 129 S. Ct. 2252 (2009). In the aftermath of Caperton, the House Judiciary Committee held a hearing on the state of judicial disqualification in the federal system. Hearing on Examining the State of Judicial Recusals after *Caperton v. A.T. Massey*: Hearing before the Subcomm. on Courts and Competition Policy of the H. Comm. on the Judiciary, 111th Cong. (2009).

Federal judges require disqualification when a judge's impartiality "might reasonably be questioned."Disqualification has ethical and procedural dimensions. The ethical dimension are governed by Canon 3C of the Code of Conduct for United States Judges, as construed by the Codes of Conduct Committee of the Judicial Conference of the United States.  The Code of Conduct, Published Advisory Opinions of the Committee, and a Compendium of

Selected Opinions of the Committee, all are in Volume 2 of the Guide to Judiciary Policy (revised April 2010).7 The procedural dimension, in contrast, is governed by four sections in Title 28 of the United States Code: §§ 47, 144, 455, and 2106. While the text of Canon 3C on disqualification is substantially similar to 28 U.S.C. § 455, and both seek to promote public confidence in the judiciary, the focus of the two is different: Whereas the goal of the Code of Conduct, including Canon 3C, is to inform federal judges of their ethical obligations to the end of advising them on how judges should conduct themselves, § 455 is a procedural statute aimed at articulating disqualification standards to the end of preserving the rights of litigants to impartial justice.  The procedural dimension of federal judicial disqualification through an analysis of the applicable statutory law.

1.  28 U.S.C. § 455(a). 6. The D.C. Circuit has stated that "[t]he Code of Conduct is the law with respect to the ethical obligations of federal judges." *United States v. Microsoft Corp.*, 253 F.3d 34, 113 (D.C. Cir. 2001). 7. Available at http://jnet.ao.dcn/ (select "Guide to Judiciary Policy")

2.  <u>The Judge Violated 28 U.S.C. §453</u>

Each justice or judge of the United States shall take the following oath or affirmation before perorming the duties of his office:  "I, _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____, under the Constitution and laws of the United States, so help me god."

The court intentionally violated his oath of office by violating Due Process and

16

failing to follow the Constitution and laws of the United States.

### 3.   The Judge Violated 28 U.S.C. §454. Practice of law by justices and judges

"Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor."

The judge committed his/her crimes by repeatedly violating Due Process, by failing to issue a show cause order, by failing to honor an offer of proof, and by failing to follow the Constitution and laws of the United States.  Pursuant to 18 U.S.C. § 4, Misprison of a felony, Petitioner is required to report the judge.  The judge was required to withdraw from the case when he knew he had a conflict of interest.  Now the judge is required to report his crimes to his superiors.

### 4.   The Judge Violated 28 U.S.C. § 455

Pursuant to 28 U.S.C. § 455. Conflict of Interest

By acting in violation of 28 U.S.C. § 455, and ignoring the laws of the United States and by keeping Petitioner imprisoned, the judge violated Due Process and the case must be dismissed. *Infra.*

The judge knew the law or was presumed to know it.  The judge knew the judge was forced to withdraw from the case before trial as the judge had personal knowledge that the judge's actions were improper. The judge knew that he was violating Due Process, and that 18 U.S.C. sections 4082 and 4081 were illegal.  The judge knew that he had no

17

jurisdiction pursuant to 18 USC section 3231,  The judge's failure to withdraw is reversible error and voids the indictment and judgment.

The violations of the Constitution and federal statutes and rules, *infra*, void the judgment.

**J.   The Court is Required to Follow Civil Rules in Criminal Cases**

Federal Rule of Civil Procedure 81 allows all federal rules to be used in criminal post-conviction cases. FRCivP 81 (a)(4)(A) (4) *Special Writs*. These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:

(A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and post-conviction relief.

**K.   The Court Is Required to Follow FRCivP 52(a) and 54(b)**

The court is required to make findings of fact and conclusions of law on all issues presented.  See FRCivP 52(a).  The court is also required to make findings on <u>all</u> issues raised  See FRCivP 54(b).  Failure to make specific findings and conclusions is a denial of Petitioner's right to an appeal and a violation of Due Process.

**L.   The Court is Not Authorized to Make Conclusory Orders**

The issuance of conclusory orders raises doubt as to whether the strictures of due process were met in this case.  *Brown v. Dodd*, 484 U.S. 874 (1987).

18

One of the orders often issued by a court when it realizes it can win the issue of facts and law when it is acting as a second prosecutor on behalf of the prosecutor is the conclusory claim of "frivolous".  However, the Supreme Court, which the lower court must follow, has established a standard for the use of that word:

"Respondent Hernandez, a prisoner proceeding *pro se,* filed five civil rights suits *in forma pauperis* against petitioner California prison officials, alleging, *inter alia,* that he was drugged and homosexually raped 28 times by various inmates and prison officials at different institutions. Finding that the facts alleged appeared to be wholly fanciful, the District Court dismissed the cases under 28 U.S.C. § 1915(d), which allows courts to dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous." Reviewing the dismissals *de novo,* the Court of Appeals reversed and remanded three of the cases. The court's lead opinion concluded that a court can dismiss a complaint as factually frivolous only if the allegations conflict with judicially noticeable facts and that it was impossible to take judicial notice that none of the alleged rapes occurred; the concurring opinion concluded that circuit precedent required that Hernandez be given notice that his claims were to be dismissed as frivolous and a chance to amend his complaints. The Court of Appeals adhered to these positions on remand from this Court for consideration of the Court's intervening decision in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 which held that an *in forma pauperis* complaint "is frivolous [under § 1915(d) ] where it lacks an arguable basis either in law or in fact," *id.,* at 325, 109 S.Ct., at 1831.

*Held:*

1. The Court of Appeals incorrectly limited the power granted the courts to dismiss a frivolous case under § 1915(d). Section 1915(d) gives the courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.,* at 327, 109 S.Ct., at 1833. Thus, the court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. However, in order to respect the congressional goal of assuring equality of consideration for all litigants, the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in the plaintiff's favor. A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez,* 504 U.S. 25 (1992)(syllabus).

## M. History of the Case

No criminal complaint exists on the record on this case.

Petitioner/Defendant plead GUILTY TO:

    18 USC 2251 (c)  -  Production of Child Pornography.

    Defendant/Petitioner was sentenced on January 29, 2008 for violation of Title 18 U.S.C. subsection 2251 (c).  Petitioner was sentenced to 210 months on January 29, 2008  imprisonment, $100.00 Assessment fee and 5 years to Life Supervised Release.  The sentencing Judge sentenced below the advisory guideline range.   The government objected.  Judge Gregory A. Presnell, on January 30, 2008 provided:

    a.  The nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 USC 3553(a)(1)

    b.  to reflect the seriousness of the offense, to promote respect for the Law, and to provide just punishment for the offense (18 USC 3553 (a)(2)(A) and

    c.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 USC 3553(a)(2)(D).

    "After considering the advisory sentencing guidelines and all of the factors identified in Title 18, U.S.C. Sections 3553(a)(1) - (7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing."  /s/ Gregory A. Presnell, U.S. District Court Judge, January 30, 2008 (5 pages)

    Defendant/Petitioner's sentence was changed to 30 years imprisonment. Defendant/Petitioner reports to this court Title 18, Public Law 80-772 was never passed into Law by the Congress and the Senate as before, hereat and herein stated.

20

<u>Pocket Edition, 2001</u>.  Abuse of discretion has already been established in this case by the district court once the witness was offered that proves Petitioner's claims.

The court abused its discretion when it is presumed to know the law or where to find it;  that 18 U.S.C. section 3231 is unconstitutional, and proceeded to issue a judgment in the case. The court further abused its discretion when it failed to verify 18 U.S.C. §§ 4082 and 4081 because they are not recorded in the Statutes of Large.  The statutes at large prove 4082 and 4081 were never enacted.  Without the valid enactment of those statutes, the district court could not transfer a judgment to the attorney general, and then to the BOP.  The court abused its discretion when it allowed an illegal indictment process in violation of *US v. Williams*, 504 U.S. 36(1992).  The court is presumed to know the law or where to find it.  Failure to honor the law is an abuse of discretion and voids the judgment.

"We turn to the question of "how" <u>the conflict we have just identified should "be taken into account on judicial review of a discretionary benefit determination</u>." <u>552 U.S. 1161</u>, <u>128 S.Ct. 1117 (2008)</u>. In doing so, we elucidate what this Court set forth in *Firestone,* namely, that a conflict should "be weighed as a 'factor in determining whether there is an <u>abuse of discretion</u>.'" 489 U.S., at 115, <u>109 S.Ct. 948</u> (quoting Restatement § 187, Comment *d;* alteration omitted)." Metropolitan Life Insurance Co. v. Wanda Glenn, 554 U.S. 105, 115 (2008).

In this case, the judge has proven violations of the Constitution, federal statutes, and federal rules, and  in violation of F.R.Civ.P. § 455.  Petitioner does not have to establish bias.  It is proven by the judge's actions.  Abuse of discretion is proven as a matter of law. *Infra.*

**O. Issue Two: The Judgment is Void Because the Judge Does Not Have All Credentials Required to Issue a Judgment**

The judge in this case cannot present all of the credentials required to issue a

judgment, rendering the judgment void as a matter of law.

In order to issue a valid judgment in this case the judge must have the following:

1.   The judge must provide the mandatory SENATE CONFIRMATION expressly

required by 5 U.S.C. section 2902(c ), and by either the Appointments Clause ("2:2:2") or

the Recent Appointments Clause ("2:2:3") in the U.S. Constitution.

2.   The judge must also provide a complete PRESIDENTIAL COMMISSION

without any defects in the SF-61 executed by the attorney general.

3.   The judge's own SF-61 must not be a counterfeit form and must have:

(a)    A valid OMB control number required by the Paperwork Reduction Act
       ("PRA");  44 U.S.C. section 3501 et seq.'
(b)    A paragraph citing 5 U.S.C. section 2903 (Authority to administer); and,
(c)    Evidence that OPM has applied for periodic OMB review and approval of
       the electronic SF-61 published at www.opm.gov, as required by 5 CFR
       1320.5, the Federal Regulation implementing the PRA:  44 U.S.C. 3501 et
       seq.

Petitioner avers the Judge in this case cannot provide all the

credentials required above to prove the judge had the authority to issue a judgment in the

case

, as required by *Federal Crop Insurance v. Merrill*, 332 U.S. 380 (1947),  creating estoppel

by silence, *infra*,  rendering the judgment void as a matter of law.

**P.  Issue Three:  The Prosecutor Is Holding the Grand Jury Records**

The Prosecutor is Holding the Grand Jury Records.  For the prosecutor to hold the

grand jury records, including the logs, transcripts information on the transcriber, is a violation of *U.S. v. Williams*, 504 U.S. 36 (1992),  For the prosecutor to hold records of the court is a violation of the Separation of Powers Doctrine.  See Exhibit K.

### Q.  Issue Four: No Quorum Existed for the Grand Jury

The only authority that exists for a court is the record in the court, the docket sheet. *Infra*,  The Grand Jury is required to send a notice or concurrence form to the Magistrate. In this case no record of a quorum exists and therefore no valid indictment exists, voiding all proceedings.  The grand jury foreman must file a letter or "certificate of concurrence" with the clerk of the court.  F.R.CrimP. 6(f).

### R.  Issue Five:  No Presentation in Open Court Exists, Requiring Dismissal

The record is the only authority that exists in the court. *Infra*.  An  Indictment must be presented "open court",  Open court by definition, requires that all parties be there including the prosecutor, the defendant, the transcriber, and the court.  See  FRCrimP 6.

### S.  Issue Six:  No Examining Trial Was Allowed, Voiding the Indictment and Judgment

An examining trial provides Petitioner the right to cross –examine adverse witnesses and introduce his own evidence.  Without an examining trial, the prosecutor has no basis for proceeding in the case.  F.R.Crim.P. § 5.

### T.  Issue Seven:  No Grand Jury Array Was Provided to Petitioner

Petitioner was held to answer the district court and was entitled to a Grand Jury array to inspect the validity of the grand jury.  Petitioner was entitled to voir dire

individual grand jury members. No grand jury array was provided to Petitioner and no

voir dire was provided, in violation of Due Process, voiding the judgment.  See F.R.Crim.P.

6(b); 28 U.S.C. § 1867/

W.    **Issue Seven:  No Valid Affidavit    of Criminal Complaint Exists**

A valid affidavit of criminal complaint submitted under oath with probable cause

was required.  No valid affidavit of criminal complaint was submitted.  F.R.Crim.P. 3.

U.  No Territorial Exists to Issue an Indictment

No territorial jurisdiction exists to issue an indictment. *Foley Brothers v. Fildardo*,

336 U.S. 281 (1949)("It is a well-established principle of law that all federal

legislation applies only within the territorial jurisdiction of the United States unless

contrary intent appears.").

V.    **Issue Eight:  A different bill (Public Law 80-772) was passed by the House in the
First Session of the 80th Congress Than by the Senate in the Second Session**

No law was passed authorizing the House and the Senate to pass two separate and

distinct bills to authorize Public Law 80-772 to be enacted.

**Article I, Section 7 of the Constitution**

"All Bills for raising Revenue shall originate in the House of Representatives; but
the Senate may propose or concur with Amendments as on other Bills.

Every Bill which shall have passed the House of Representatives and the Senate, shall,
before it becomes a Law, be presented to the President of the United States; if he approve
he shall sign it, but if not he shall return it, with his Objections to that House in which it
shall have originated, who shall enter the Objections at large on their Journal, and proceed
to reconsider it. If after such Reconsideration two thirds of that House shall agree to pass
the Bill, it shall be sent, together with the Objections, to the other House, by which it shall
likewise be reconsidered, and if approved by two thirds of that House, it shall become a
Law. But in all such Cases the Votes of both Houses shall be determined by Yeas and Nays,
and the Names of the Persons voting for and against the Bill shall be entered on the Journal
of each House respectively. If any Bill shall not be returned by the President within ten

24

Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return, in which Case it shall not be a Law.

Every Order, Resolution, or Vote to which the Concurrence of the Senate and House of Representatives may be necessary (except on a question of Adjournment) shall be presented to the President of the United States; and before the Same shall take Effect, shall be approved by him, or being disapproved by him, shall be repassed by two thirds of the Senate and House of Representatives, according to the Rules and Limitations prescribed in the Case of a Bill." See Exhibit J, incorporated hereby, and included herein, by reference.

Petitioner judicially notices the records of the 80th Congress related to Public 80-772 (H.R. 3190).

### 1. H.R. 3190 In The First Session Of The 80th Congress

H.R. 3190 was introduced and committed to the Committee of the entire House of Representatives on the State of the Union of the First Session of the 80th Congress entitled "Crimes and Criminal Procedure." See House Report No. 304 (April 24, 1947), p. 1 (App. 67). See also 94 Cong. Rec. D556-D557 (Daily Digest) (charting H.R. 3190) (App. 65-66). H.R. 3190 differed from "five ... bills which ... preceded it ... [because] it constitute[d] a revision, as well as a codification, of the Federal laws relating to crimes and criminal procedure." 93 Cong. Rec. 5048-5049 (May 12, 1947) (App. 45-46). The bill was intended (1) to revise and compile all of the criminal law, (2) to "restate[]" and "consolidate[]" "existing statutes," (3) to "repeal" "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to "clarify and harmonize" penalties of the "many acts" passed by Congress which were found to be "almost identical." (Id.) "The bill was ordered to be engrossed and read a third time, was read a third time, and passed" the House on May 12, 1947, id.; Journal of the House of Representatives ("House Journal"), May 12, 1947, pp. 343-344 (App. 4-5); 94 Cong. Rec. D556-D557 (showing H.R. 3190's only passage by the House of Rep. on May 12, 1947), sent to the Senate and there "referred ... to

the Committee on the Judiciary." 93 <u>Cong. Rec.</u> 5121, May 13, 1947 (App. 47); <u>Journal of the Senate</u> ("<u>Senate Journal</u>"), May 13, 1947, p. 252 (App. 10).[1]

As passed and enrolled by the House of Representatives <u>H.R. 3190</u> included at section 3231, Subtitled "District Courts," the following text:

> Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

<u>mH.R. 3190 as passed by the H. of Rep.</u>, p. 367, § 3231 (App. 110).  See <u>United States v. Sasscer</u>, 558 F. Supp. 33, 34 (D.MD. 1982).

On July 27, 1947, Congress adjourned without the Senate passing <u>H.R. 3190</u>.  See 93 <u>Cong. Rec.</u> 10439, 10522 (July 26, 1947) (App. 48-49).  On November 17, 1947, Congress reconvened pursuant to a Presidential proclamation.  Yet, Congress again "adjourned *sine die* on December 19, 1947," without the Senate passing <u>H.R. 3190</u>.  <u>Kennedy v. Sampson</u>, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974).

### 2.    <u>H.R. 3190 In Second Session Of The 80th Congress</u>

The Senate Committee on the Judiciary reported amendments to <u>H.R. 3190</u> on June 14, 1948, under <u>Sen. Rep. No. 1620</u>.  94 <u>Cong. Rec.</u> 8075 (June 14, 1948) (App. 50); <u>Senate Journal</u>, June 14, 1948, p. 452 (App. 34).[2]  <u>Sen. Rep. No. 1620</u> contained "a large volume of

---

[1]    The Senate Journal for May 13, 1947, was approved by the Senate on May 14, 1947, <u>Senate Journal</u>, p. 259 (App. 11), and the House Journal for May 12, 1947, was approved by the House on May 13, 1947.  <u>House Journal</u>, p. 346 (App. 6).  The Journals of the two Houses are admissible as evidence when properly certified.  28 U.S.C. § 1736.  <u>See also</u> <u>House Doc. No. 355</u>, 59th Cong., 2nd Sess., <u>Hinds' Precedents of the House of Representatives</u>, § 2810, p. 34 (G.P.O. 1907) ("Certified extracts of the Journal are admitted as evidence in the courts of the United States.") (App. 85).  *Cf.* Fed. R. Evid. Rule 902(5); <u>see</u> 28 U.S.C. § 2072(a) and (b).

[2]    The Senate approved its Journal for June 14, 1948.  <u>Senate Journal</u>, June 15, 1948, pp. 461-462 (App. 35-36).

amendments" and "the new Federal Rules of Criminal Procedure [were] keyed to the bill and [were] reflected in part II of [the new proposed] title 18." Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended," the Senate wanted "the amendments adopted en bloc," including a new jurisdictional section for Title 18. 94 Cong. Rec. 8721 (App. 51). The report contained only the proposed amendments. See Sen. Rep. No. 1620, pp. 1 & 4 (App. 103-104).

"[T]he amendments were considered and agreed to en bloc" and then "ordered to be engrossed." 94 Cong. Rec. 8721-8722 (June 18, 1948) (App. 51-52), Senate Journal, June 18, 1948, p. 506 (H.R. 3190, "as amended," passed the Senate) (App. 37). It was moved that "the Senate insist upon its amendments" by the House (94 Cong. Rec. at 8722); and "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments." Senate Journal, supra, p. 506; House Journal, June 18, 1948, p. 688 (App. 16).

The House received the proposed amendments. The Clerk "read the Senate amendments" collectively into the record with which the House concurred. 94 Cong. Rec. 8864-8865 (June 18, 1948) (App. 53-54); House Journal, June 18, 1948, p. 704 (the "said Senate amendments were concurred in") (App. 17). Although "[t]he House agreed to the amendments to ... H.R. 3190," Senate Journal, June 18, 1948, p. 510 (App. 38), no action was taken on H.R. 3190 as amended.[3] The Journal of the House of Representatives is devoid of any vote on H.R. 3190 itself on June 18, 1948, and thereafter through adjournment on June 20, 1948. Moreover, the official historical chart of H.R. 3190 clearly

---

[3]       The House approved the Journal for June 18, 1948, House Journal, p. 714 (June 19, 1948, approving Journal for "legislative day of ... June 17, 1948" – i.e., calendar day of June 18, 1948) (App. 18); id. at p. 669 (showing Friday, June 18, 1948, as "legislative day of Thursday, June 17, 1948") (App. 15), and the Senate approved its Journal for June 18, 19 and 20, 1948. Senate Journal, July 26, 1948, p. 593 (App. 44).

shows the *only* passage by the House of Representatives occurring on May 12, 1947, and specifically references volume 93, page 5048 of the <u>Congressional Record</u> as the recorded date the House passed the bill. 94 <u>Cong. Rec.</u> D556-D557 (Daily Digest).

In Conclusion, a different bill was passed by the House in 1947 than was passed by the Senate in 1948. This Constitutional violation voided Public Law 80-772 (Title 18) and requires the court to dismiss the case with prejudice. The certified records from National Archives (Exhibit J), establish that no 18 U.S.C. § 3231 can not create a judgment against Petitioner.

### W. <u>Issue Nine: Petitioner takes judicial notice of 18 U.S.C. § 4082 and Declares the Judgment Void and Could Not Be Transferred From the Court to the DOJ</u>

18 U.S.C. § 4082 is titled: Commitment to the Attorney General; Residential Treatment Centers; Extension of Limits of Confinement; Work Furlough. The Judgment and Commitment order by the District Courts is forwarded to the U.S. Attorney General pursuant to § 4082 under the act of June 25, 1948, ch. 645, § 1, 62 Stat. 850).

Since 18 U,.S.C. 4082 is part of Public Law 80-772 under the in toto doctrine, the statute is void, ab initio, and no transfer of any judgment can be made. When a law is not in the statutes at large, it does not legally exist.

### X. <u>Issue Ten: Petitioner takes Judicial Notice of 18 U.S.C. § 4081 and declares the Judgment Could Not be transferred From the DOJ to the BOP</u>

18 U.S.C. § 4081 is titled: Classification and Treatment of Prisoners. "The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the

character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.  (June 25, 1948, ch. 645, <u>62 Stat. 850</u>),

The Judgment and Commitment Order is then forwarded by the Attorney General to the Bureau of Prisons, and the Prisoner is committed to the Custody of the Bureau of Prisons pursuant to 18 U.S.C. § 3231 and the prisoner is then classified pursuant to 18 U.S.C. § 4081 under the act of June 25, 1948, Ch. 645, § 1, 62 Stat. 850.  See *Elemendorf v. Taylor*, infra.

Since 18 U.S.C.  section 4081  is part of Public Law 80-772 under the in-toto doctrine, the statute is void, ab initio, and no transfer of the judgment can be made.  Since the statute is not in the statutes at large, it does not legally exist.

### Y.  Issue Eleven:  <u>Petitioner takes Judicial Notice of the USCS tables for Statutes at Large, Which  Void the Indictment and Judgment</u>

See copyright 2013, Mathew & Bender Company, Inc., P.L. 772 [Ch. 645] – June 25, 1948, which has a P.L. Section, a Stat. Page section, and a USCS Reference section. 62 Stat. 683 has a USCS Reference of 18 USCS 1-5037.  <u>However 62 Stat. 826 and 850 are not listed in the Code and therefore do not exist as law.</u>  Thus, 18 U.S.C. sections 4081 and 4082 create no authority for the court to transfer a judgment to the Attorney General and for the Attorney General to transfer a judgment to the Bureau of Prisons.

Since neither 18 USC sections 4081 and 4082 are in the statutes at large, they don't exist as a matter of law, no transfer of judgment is allowed, and the judgment is void.

### Z.  Issue Twelve:  <u>The Judicially Noticed Facts and Law in the Supreme Court Void the Judgment</u>

The facts and law in the case were judicially noticed in the Supreme Court in case

number 15-806, *David Moleski v. United States*. The district court must accept the judicial

notice in the Supreme Court  Judicial Notice is the highest form of evidence and must be

taken as true and undisputable. See FRE 201.  All of the facts have been independently

verified and Petitioner has witnesses to testify to the verification of those facts.

See *Beadnell v. United States*, 303 F.2d 87, 89 (1962).  "Proof of facts judicially

known was unnecessary. FN 5 (cites omitted)."  See *Mills v. Denver Tramway Corp.*, 155

F.2d 808, 811 (10th Cir. 1946)

1.  <u>Judicial Notice of the Facts and Law in the Supreme Court Void the Judgment</u>

In *Moleski v. United States*, No. 15-8076, judicial notice was taken of the following
facts.

a.  <u>93Cong.Rec.5049</u>:  there is no record of any quorum being present during the
May 12, 1947 vote on the H.R. 3190 Bill in the House of Representatives.

b.  <u>Verified letter</u> from Jeff Trandahl, Clerk, U.S. House, 6/28/2000:  "Dear Mr.
Degan: Thank you for your letter requesting information on Title 18.  In
response to your inquiry, <u>Congress was in session on June 1, 3, 4, 7-12 and 14-
19, 1948, however, Title 18 was not voted on at this time...."</u>

c.  <u>Verified letter</u> from Karen Haas, Clerk, U.S. House 8/30/3006:  "<u>Yes, the
Speaker of the House did sign bill HR 3190 in the absence of a quorum.</u>

d.  <u>Verified letter</u> from Karen Haas, Clerk, U.S. House, 9/11/2006:  "After
conducting a thorough examination of the journals, <u>I found no entry in the
journal of the House of any May 12, 1947 vote on the H.R. 3190 bill.... The
Senate took no action on the H.R. 3190 bill prior to the December 19, 1947
sine die adjournment.</u>  Page 5049 of the Congressional Record, 80th Congress,
1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May
12, 1947. <u>Therefore, by counting the total yea and nay vote a quorum was not
present.   According to House Rules, when less than a majority of a quorum
votes to pass a bill, the journal must show the names of Members present but
not voting.  I found no record of any names for the May 12, 1947 vote...."</u>

e.  <u>Verified letter</u> from Nancy Erickson, Secretary of the Senate,
3/09/2009"....Thank you for your recent letter requesting confirmation on the
status of H.R. 3190 from the 80th Congress.   I asked the Senate Historian's
office to review the correspondence you enclosed, and they were able to verify

that <u>no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947</u> *sine die* <u>adjournment.</u>

f.   <u>Verified letter</u> from Lorraine Miller, Clerk, dated August 24, 2010: "Thank you for contacting the Office of the Clerk.  Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947.  <u>After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote....</u>"

g.   <u>Independently verified</u> Memorandum from Harley G. Lappin:  "From: 'Harley G. Lappin' <Harley.lappin@usdoj.gov.  Sent:  Monday, July 27, 2009 3:17 PM.  Logo for U.S. Department of Justice.

"Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948).  On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution.  Although most courts have, thus far, relief on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but these cases did not involve any Quorum Clause challenge.  So out of an abundance of caution, I contacted the <u>Office of Legal Counsel, the National Archives</u> and the <u>Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there is was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress.</u>  There is only one Supreme Court case that says <u>in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum</u>.  See United States v. Balin, Joseph & Co., 144 U.S. 1, 3 (1892).  The Clerk of the House states that the May 12, 1947 vote was a *'voice vote.'*  Bu the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum.  On May 12, 1947, a <u>presence of 218 Members</u> in the hall of the House <u>was required</u> to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal.  It appears that the 1909 version of the Federal Criminal Code has never been repealed.  Therefore, in essence, <u>our only true authority is derived from the 1948 predecessor to Public Law 80-772.</u>  "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994).  Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Request by stating that <u>only the Congress or courts can repeal or declare a</u>

**federal statute unconstitutional.**  Signature.  Harley G. Lappin.  Director, Federal Bureau of Prisons."

2.   <u>Judicial Notice Was Taken of the Law of the Case in the Supreme Court</u>

Judicial Notice was taken in the Supreme Court of the law herein in case no. 15-8076, *David Moleski v. United States* and that judicial notice applies herein.

a.   *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)((in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum).

b.   Article I, Section 5, Clause 1 of the Constitution:  "Each House shall be the judge of the elections, returns and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner, and under such penalties as each House may provide."

c.   *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent").

d.   *Carol Ann Bond v. United States*, 131 S.Ct. 2355 (2011), Ginsburg, concurring opinion, with whom Justice Breyer joins.

All facts having been judicially noticed have been independently verified.  Petitioner has witnesses which will verify the facts that require the court to dismiss the judgment.

The law and the facts presented prove the statute unconstitutional and Petitioner illegally confined.

AA.   <u>Issue Thirteen:  Defense Counsel Violated the 6th Amendment By Refusing to Produce a Dead Bang Winner</u>

The Petitioner was denied effective assistance of counsel. By failing to investigate the court's jurisdiction and the legal basis for Petitioner's indictment and conviction, a dead bang winner, Petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment.  dead-bang winner is defined as "an issue which was obvious from the

trial record and would have resulted in a reversal on appeal." *James v. McKee*, 2009 U.S.

Dist. LEXIS 102380 ( E.D. Mich. Nov. 3, 2009) *Infra*.

    **BB.**   **Issue Fourteen:**     **The Judge and Prosecutors Committed Fraud on the Court**

    In this case, as proven by the actions of the judge, the judge was required to recuse

himself for obvious conflicts of interest.  This statute is self-executing and the judge, after

the appearance of bias, is no longer a judge.  Any orders or judgments issued by the judge

are *void, ab initio*, leaving Petitioner falsely imprisoned.

    A judge is an officer of the court, as well as are all attorneys. A state judge is a

state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a

federal judicial officer, paid by the federal government to act impartially and lawfully.

State and federal attorneys fall into the same general category and must meet the same

requirements.  A judge is not the court. *People v. Zajic*, 88 Ill. App. 3d 477, 410 N.E. 2d 626

(1980).

    Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function"- thus where the impartial functions of the court have been directly corrupted."

    Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial taks of adjudging cases  that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is <u>not in essence a decision at all, and never will be final.</u>

"Fraud upon the court" makes void the orders and judgments of that court.

It is also well-settled law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. *The People of the State of Illinois v. Fred E. Sterling*, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); *Allen F. Moore v. Stanley F. Sievers*, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); *In re Village of Willowbrook*, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); *Dunham v. Dunham*, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); *Skelly Oil Co. v. Universal Oil Products Co.*, 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); *Thomas Stasel v. The American Home Security Corporation*, 362 Ill. 350; 199 N.E. 798 (1935).

Under state and and Federal law, when any officer of the court has committed

"fraud upon the court", the orders and <u>judgment of that court are void</u>, of no

legal force or effect.

Federal law requires the automatic disqualification of a Federal judge under certain

circumstances.

The U.S. Supreme Court held that "Disqualification is required if an objective

observer would entertain reasonable questions about the judge's impartiality. If a

judge's attitude or state of mind leads a detached observer to conclude that a fair

and impartial hearing is unlikely, <u>the judge must be disqualified</u>." [Emphasis

added]. *Liteky v. U.S.*, 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a

requirement, only the appearance of partiality. *Liljeberg v. Health Services

Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality

of bias or prejudice but its appearance); *United States v. Balistrieri*, 779 F.2d 1191

(7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality,

whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code,

28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but <u>rather to promote public confidence in the impartiality of the judicial process.").</u>

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned."

*Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989). In *Pfizer Inc. v. Lord*, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice. Recusal under Section 455 is self-executing: a party need not file affidavits in support of recusal and the judg is obligated to recuse himself/herself sua sponte under the stated circumstances." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that <u>"We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed."</u> *Balistrieri*, at 1202.

<u>Judges do not have discretion not to disqualify themselves.</u> By law, they are bound

to follow the law.  Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself.  None of he orders issued by any judge who has been disqualified by law would be valid.  The are void as a matter of law, and are of no legal force or effect.  Should a judge not disqualify himself, the the judge is in violation of the Due Process Clause of the U.S. Constitution, *United States v. Scinto*, 521 F. 2d 842, 845 (7th Cir. 1996)("right to a tribunal free from bias or prejudice is based on the Die {rpcess clause"). Should a judge issue any order after he has been <u>disqualified by law</u>, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce".  The judge has acted in the judge's personal capacityand not in the judge's judicial capacity."  It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitutoin, or if he acts without jurisdiction, he has engaged in treason to the Constitutoin.  If a judge acts after he has been automatically disqualified by law, then he is acting,  without jurisdiction. and that suggests that he is engaging in criminal acts of treasons, and may be engaged in xtortion and the interference with interstate commerce.

36

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treasons and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such behavior.

Petitioner presented evidence to the Court which established that 18 USC section 3231 was never legally enacted.  The judge falsely stated on the record that 18 USC section 3231 (Public Law 80-772) was passed by "both Houses of Congress in 1947".  The judge knew at that time that statement was false.  To make matters worse, the Third Circuit attempted to cover up the crimes of the district court judge when three judges of the Third Circuit declared the Constitution and Supreme Court are frivolous.

A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. *A judge is not the court.* People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."

Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is <u>not in essence a decision at all, and never will be final.</u>

Fraud upon the court" makes <u>void</u> the orders and judgments of that court.

It is also well-settled law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. *The People of the State of Illinois v. Fred E. Sterling*, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); *Allen F. Moore v. Stanley F. Sievers*, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); *In re Village of Willowbrook*, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); *Dunham v. Dunham*, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); *Skelly Oil Co. v. Universal Oil Products Co.*, 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); *Thomas Stasel v. The American Home Security Corporation*, 362 Ill. 350; 199 N.E. 798 (1935).

Under state and Federal law, when any officer of the court has committed "fraud upon the court", the orders and <u>judgment of that court are void, of no legal force or effect.</u>

Federal law requires the automatic disqualification of a Federal judge under certain circumstances.

The U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, <u>the judge must be disqualified.</u>" [Emphasis added]. *Liteky v. U.S.*, 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but <u>rather to promote public confidence in the impartiality of the judicial process.").</u>
That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989). In *Pfizer Inc. v. Lord*, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe

38

from an interested party over which he is presiding, does not give the appearance of justice. <u>Recusal under Section 455 is self-executing</u>; a party need not file affidavits in support of recusal and the judge is obligated to recuse himself/herself sua sponte under the stated circumstances." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "<u>We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed.</u>" *Balistrieri*, at 1202.

<u>Judges do not have discretion not to disqualify themselves</u>. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would be valid. They are void as a matter of law, and are of no legal force or effect.

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. *United States v. Sciuto*, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such behavior.

Petitioner presented evidence to the Court which established that 18 USC section 3231 was never legally enacted. The judge falsely stated on the record that 18 USC section 3231 (Public Law 80-772) was passed by "both Houses of Congress in 1947". The judge knew at that time that statement was false. To make matters worse, the Third Circuit attempted to cover up the crimes of the district court judge when three judges of the Third Circuit declared the Constitution and Supreme Court are "utterly frivolous". How is it possible that a circuit court of the United States declare the Constitution of the United States and the Supreme Court rulings utterly frivolous. The crimes committed by the Judge and prosecutor void the judgment.

The judge and the prosecutor both committed fraud on the court. The prosecutor and the judge are required to uphold their oaths of office and laws of the United States. Government officials are not given authority to violate the law. The judge's orders and judgment are *void ab initio*, The violations are self-executing.

### CC.    Issue Fifteen:  The Department of Justice Committed Perjury Before Congress By Presenting a Budget They Knew Was False

The Department of Justice is not authorized to commit crimes. Yet as proven infra, the Department of Justice knew at the latest in June 2009 that Public Law 80-772 was never passed by Congress and yet submitted a budget before Congress each year which was fraudulent. From the first time the DOJ requested money to pay for Petitioner the DOJ committed fraud against Petitioner and against Congress.

18 U.S.C. section 1621 and common law , general perjury, stipulates that anyone who "willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true" is guilty of perjury and shall be fined or imprisoned up to five years, or both. Section 1000 covers false statements more generally with requiring an oath. The section stipulates that "whoever in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States, knowingly and willfully" falsifies or conceals information, including before a congressional committee's inquiry, may also be fined or imprisoned up to five years.

By requesting money from Congress, including money to confine and imprisoner, the Department of Justice has committed fraud before Congress, voiding the judgment.

### EE.  Conclusion

As this is a verified petition, all facts must be taken as true unless proven otherwise. Petitioner has established that the Court is   required to issue an order for Petitioner's immediate release because 18 U.S.C. §§ 3231, 4082, and 4081 are void as a matter of law.

The facts and law herein, establish that any indictment and judgment are void.

The judge violated 28 U.S.C. sections 453, 454, and 455.

The court abused its discretion.

The court is required to hold a hearing based on Petitioner's offer of proof.

The judge does have all credentials required to issue any order of judgment.

Multiple charging and indictment errors void the judgment.

A different bill was passed in the House than in the Senate related to the jurisdiction of the Court, voiding the judgment.

No quorum existed in the House of Representatives on May 12, 1947, voiding the judgment.

No transfer of a judgment could occur from the court to the BOP, because 18 U.S.C. sections 4082 and 4081 are not in the Statutes at Large.

Defense counsel failed to produce dead bang winners, a violation of the Sixth Amendment.

41

The judge and prosecutor are not permitted to commit crimes, which void any judgment and orders.

The DOJ committed fraud before Congress, voiding the judgment.

DD.   Prayer for Relief

Petitioner moves the court to:

Issue an order declaring 18 USC subsections 4082 and 4081 unconstitutional and void ab initio:

Issue an order for Petitioner's immediate release from prison;

Issue an order declaring Petitioner actually innocent as a matter of Law;

Issue  an order for·the DOJ to pay Petitioner $3,500 per day for false imprisonment from the day of the indictment until his release.

And for such other and further relief as the court deems just and proper.

Respectfully submitted,


William Glenn Irey
Reg 26573-018
LSCI Butner Low
P. O. Box 999
Butner, NC 27509

William Glenn Irey

May 30 , 2019

C E R T I F I C A T E   O F   S E R V I C E

I certify under penalty of perjury, 28 USC 1746 that on this _30_ day

of May, 2019, I mailed a complete copy and exhibits of this Federal Rule

of Civil Procedure 60(b)(4) to the addresses below with proper postage

through the Butner Inmate Mail Room, P. O. Box 999, Butner, NC 27509:

United States Court House    (2 copies)
Middle District of Florida
Orlando Division
401 West Central Boulevard, Ste 1200
Orlando, FL 32801

United States District Court
for delivery to the U. S.
Attorney, Orlando Division
Office.

William Glenn Irey
Reg: 26573- 018
P. O. Box 999
Butner, NC 27509

43