UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
401 W. Central Blvd., Suite 1200
Orlando, Florida 32801-0120

2019 JUL 26 PM 1:41

FILED

CASE: _____

| | |
|---|---|
| William Trey<br>   Plaintiff<br><br>v<br><br>UNITED STATES OF AMERICA,<br>   Respondent | CRIMINAL CASE: 6-06-CR-237-ORL-31-DAB<br><br>RESPONSE TO DE 100<br><br>DATED 7/10/2019: ORDER |

By certified mail 7017 1000 0000 8584 3338; Tracking number 9590 9402 4467 8248 4327 27 mailed 5/30/2019 acknowledged by CSO Vunaman, June 3, 2019. Plaintiff William Irey (hereinafter Plaintiff) filed a VERIFIED 60(b)(4) identified as Doc. 99 into this Middle District Court of Florida challenging the very existence and execution of criminal case 6:06-CR-237-ORL31 DAB which relied upon alleged violations of 18 United States Code. Specifically, Plaintiff was charged for violation of:

18 United States Code 2251 (c), Public Law 80-772 –

Production of Child Pornography

pled guilty, then Plaintiff was sentenced 210 months which was changed by another Judge and Panel to 360 months (30 years). Plaintiff did not have a new trial and Plaintiff did not have a jury to find on the facts relating to the new sentence. See United States v Allen Alleyne, 539 Fed. Appx. 269; 2013 U.S. App. Lexis 19529; and 133 S. Ct. 2151, 186L. Ed. 2d 314 (2013) "Any fact that increases a mandatory minimum sentence for a crime must be submitted to the jury." (Vacated and Remanded)

1

Sorry about the
poor quality of
type. The prison
of typewriters
are old.

WGI

28 U.S.C. 2255

The Middle District Court has ORDERED Plaintiff to pursue relief under 28 U.S.C. 2255 (Doc 100, page 2 paragraph 2) stating:

"To the extent that Defendant is attempting to collaterally attack his conviction and sentence, he may file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255. See United States v Holt, 417 F. 3d 1172, 1175 (11th Cir. 2005). However, Defendant should be aware that the recharacterization of the Motion has certain consequences. See Castro v United States 540 U.S. 375, 383 (2003). First, any subsequent motion filed pursuant to 2255 will be subject to the restrictions on "second or successive" motions. In addition, 2255 imposes a time limitation on the filing of a 2255 motion. Therefore, it is further ORDERED that if Defendant (Plaintiff) intended his Rule 60(b)(4) motion to be a 2255 motion, he should notify the court of such within FOURTEEN (14) days from the date of this ORDER..."

Defendant's Understanding of ORDER

The Court is implying that Plaintiff "attempts to avoid the effect of a court's action or decision by taking action in a different court proceeding. The opposite of a direct attack." Oran's Dictionary of the Law, 2 ed. page 83.

Direct attack is an attempt to have a Judge's decision overturned (annulled, reversed, vacated, enjoined, etc.) by a proceeding started for that specific purpose. (an appeal, an injunction hearing, et c.). Compare with collateral attack. (Blacks Law, 9th Ed. Collateral Attack = **An attack** on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective. Direct Attack = An attack on a judgment made in the same

proceeding as the one in which the judgment was entered; specif., seeking to have the judgment vacated or reversed or modified by appropriate proceedings in either the trial court or an appellate court..." Black's Law, 9th Ed.

Attempting to Collaterally Attack Conviction and Sentence.

Based upon the foregoing definitions of collateral attack, and Direct attack, Plaintiff filed a verified 60(b)(4) into this court which based upon the authorities; witnesses; clerk of U.S. House (Karen Haas); Secretary of the Senate (Nancy Erickson); Office of the Clerk (Lorraine Miller); Memorandum from (Harley G. Lappin) FBOP Director to all Department Heads, Affidavit of Wisconsin Supreme Court Judge (Walter F. Swietlik) and numerous other witnesses identified in Exhibit C, Doc 99 is proof positive that Plaintiff launches a Direct Attack because the trial, court proceeding, judgment and imprisonment are all illegal acts because Title 18 United States Code identified under Public Law 80-772 was never passed into Law by a quorum of the House and the Senate (all explained in FRCIVp 60(b)(4), Doc 99. Plaintiff also reminds the court that he has never filed a 28 USC 2255 proceeding.

United States of America v Gary William Holt, 417 F.3d 1172

The court quoted this case where by Defendant Holt persued relief under an audita querela which case was construed to a successive 2255 Motion. Defendant Holt collaterally attacked his sentence as violating the U.S. Constitution. This case is not applicable to Petitioner William Irey as he is not collaterally attacking his, he is directly attacking the existence of the case.

18 United States Code

Doc 99 recognizes the History of Public 80-772, Title 18, 1948; based upon the Acts of the House and the Senate Public Law 80-772 was never constitutionally passed by Congress. Thus Public Law 80-772 is NULL and VOID. It does not exist as Law.

3

The Court is ORDERING Plaintiff to violate the Law that does not legally exist (18 USC, PL 80-772) by giving him authority to adjudicate a claim that should not exist. To do so, Plaintiff will be in violation of Law and subjected to additional penalties. The Judge cannot ORDER Plaintiff to violate the Law nor give the Judge permission to proceed in violation of Law.

Article 6 Clause 3 of the Constitution of the United States discloses that Judges and others...are under oath of office and cannot violate the Constitutional Rights of Citizenry. Amendment IX to the Constitution of the United States discloses it is illegal to contrue a Motion to the detriment of a Plaintiff, Constitution of the United States. Therefore, this court's claim cannot be adjudicated because the Court's claims are based upon non-existence and fraudulent Title 18 United States Code that was never enacted into law.

Federal Rule of Civil Procedure (60(b)(4)

Petitioner is seeking relief from the judgment and Order in case 6:06-cr-237-Orl-31DAB under Federal Rule of Civil Procedure 60(b)(4) based upon newly discovered evidence and fraud on the court which rendered the judgment VOID. FRCIVp 60(b)(4), The judgment is VOID. "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to defendant (Petitioner) not actually personally notified as provided in Title 28, U.S.C. 1655 or to set-aside a judgment for fraud upon the court...by this independent action." Rule 59, Rules of Civil Procedure, page 250.

In paragraph 2 of the ORDER, the court states "Motions filed pursuant to Rule 60(b) can only be raised in civil proceedings." United States v Blanco, 632 F. App'x 549, 250 (11th Cir. 2015) (citing United States v Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (stating 60(b) does not provide for relief from judgment in a criminal case)). Defendant may not use Rule

60(b)(4) to seek relief from the judgment in his criminal case." Doc 100

Petitioner is not just seeking relief from the judgment, Petitioner is challenging the very existance and construction of the case under Title 18. The Court lacked both venue and jurisdiction to try the case because the Laws under 18 USC (Public Law 80-772) are not Law. No authority exist to try and convict Petitioner under Title 18. Petitioner does not concur that 60(b)(4) is incorrect. As thoroughly explained on page 6, paragraph ç. FR CivP 60(b)(4) is Valid for Criminal Cases. The S. Ct. in Gonzalez v Crosby, 545 U.S. 524, 534 (2005) stated: See paragraph E, Doc 99, pages 6-8. Accordingly, FRCivP 60(b)(4) can be utilized for relief from a criminal case because the court lacks venue, jurisdiction and subject matter jurisdiction which VOIDS the entire case since Lack of Jurisdiction deprives a federal court of the power to adjudicate the rights of the party. The court is required to follow Civil Rules in Criminal Cases. FRCIVp81 allows all federal rules to be used in criminal post-conviction cases. FRCivP81(a)(4(A) (4) Special Writs rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:

(A) is not specified in a federal statute, the Rules Governing Section 2254 cases, or the Rules Governing Section2255 cases and post-conviction relief. And the court abused its discretion Doc 99, page 21 first paragraph which further VOIDS the judgment.

Additional Cases and Proof appear on pages 6, 7, and 8 extracted from Doc 99 for your prompt reference. (See Doc 99, FRCIVP 60 (b)(4) Motion.

This offer of proof establishes that the indictment is void; the court never had jurisdiction because:  1) A different bill passed the House than passed the Senate in the 80th Congress, in violation of Article I, Section 7, of the Constitution; 2) 18 U.S.C. § 3231 is void *ab initio*; 3) the DOJ committed fraud on the court because they had knowledge from their own investigation which proved that 18 U.S.C. § 3231 is void, *ab initio*; 4) the judge knew or should have known that the statute the DOJ was using was void;5) the indictment process was invalid as a matter of law; 6) no transfer of any judgment could be made because the statutes allowing any transfer of judgment, 18 USC §§ 4082 and 4081, are not in the statutes at large and *void ab initio*; 7) defense counsel violated the Sixth Amendment because defense counsel failed to produce a "dead bang winner"; 8) the prosecutor committed fraud on the court because the prosecutor knew the complete criminal process was a fraud as determined by the Department of Justice own study, and failed to notify the court and request revocation of sentence and 9) the DOJ committed fraud before Congress when it submitted their annual budget for incarceration fees which included the Petitioner.

E.  <u>FRCivP 60(b)(4) Is Valid for Criminal Cases</u>

F,R,Civ.P. 60(b) Motion is a continuation of a criminal case, not a new case under a new civil docket number (i.e., 28 U.S.C. § 2255).  The Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) stated:

"Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, e.g., *Klapprott*, 335 U.S. at 615 (1949) [opinion of Black, J., a function as legitimate in habeas cases as in run-of-the mill civil cases. The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for <u>Lack of subject matter jurisdiction</u> – a consideration just as valid in habeas cases as in any other, since the absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties."
*Steel Co. v. Citizens*, 523 U.S. 83, 94 (1998).  "In some instances, it is the State, not the

habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ. See, e.g., *Ritter v. Smith*, 811 F. 2d 1398, 1400 (11th Cir. 1987)."

As stated in the dissent to Gonzales by Justice Stevens, joined by Justice Souter, 545 U.S. at 539:

"The most significant aspect of today's decision is the Court's UNANIMOUS REJECTION OF THE VIEW THAT ALL POST JUDGMENT MOTIONS UNDER f.r.Civ.P. 60(b) except those alleging fraud under Rule 60(b)(3) should be treated as second or successive habeas corpus petitions."

Petitioner judicially notices *Ritter v. Smith, Gonzalez v. Crosby, Steel Co. v. Citizens.*

"A matter of law may be judicially noticed as a matter of fact, that is, the court, not as a rule governing the case before it, but as a social fact with evidentiary consequences." *City of Wichita v. U.S. Gypsum Co.*, 72 D.3d 1491, 1496 (10th Cir. 1996).

A F.R.Civ.P. 60(b)(4) motion – "Judgment is Void" is an attack, <u>not on the judgment on the merits, but instead on the jurisdiction of the court to address those merits</u>. Such a motion is a "true 60(b) motion" within the meaning of *Gonzales*, not a second or successive" 2255 filing.

Thus this Court's jurisdiction to hear and determine the government's personal and subject matter jurisdiction challenged by this F.R.Civ.P. 60(b)(4) Motion is firmly established by the Supreme Court.

The court knowingly violated Due Process and has established undisputed bias by using improper precedent, not Supreme Court precedent, to deny Petitioner relief. The court violated the Rule of Stare Decisis and established bias on the face of its orders. If the court wants to change the law it should follow the procedure to change law. The judge is supposed to be independent and an arbitrator of justice, not biased by either party.

A criminal case is not a new case under a new civil docket number (i.e., 28 U.S.C.

§ 2255). See *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

The court knowingly violated Due Process and has established undisputed bias by using improper precedent, not Supreme Court precedent, to deny Petitioner's relief. The court also violated the Rule of Stare Decisis and established bias on the face of its orders/judgments.

### F. Authorities Related to FRCiv.P 60(b)(4) Void Judgments

*Wendt v. Leonard*, 431 F.3d 410, 402-13 (4th Cir. 2005)("An order is void for purposes of [FRCP] 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law."

*Central Vt. Pub. Serv. V. Herbert*, 341 F.3d 186, 189 (2d. Cir. 2001)("Under [FRCP] 60(b)(4), a deferential standard of review is not appropriate because if the underlying judgment is void, it is *a per se abuse of discretion* for a district court not to vacate the judgment under Rule 60(b)(4)").

Under Federal law which is applicable to all states under the Supremacy Doctrine, the U.S. Supreme Court stated that if a court is

"*without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers.*" [*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732-733 (1878). [*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)

Void judgment. One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co.*, Tex.Civ.App., 80 S.W.2d 1087, 1092. One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. Klugh v U.S., D.C.S.C., 610 F. Supp. 892, 901. (Black's Law Dictionary, 6th Ed.

8

## Conclusion

Petitioner is filing a Direct Attack on the existance of case 6:06-CR-273-GAP-DAB. Petitioner identified the total essence of the case in Doc. 99 which this court now claims a collateral attack on the judgment. Rather, Title 18 was never properly enacted into Law (Doc. 99) as fully VERIFIED by the United States Congress, United States Senate and the Public records. (Doc. 99) The Ninth Circuit stated:

> "In considering whether Fed. R. Civ. P. 60(b) motion in habeas corpus case should be treated as successive habeas corpus petition, Ninth Circuit follows moderate approach in which court proceeds with case by case examination of relief sought in R. 60(b) motion. Hamilton v Newland (2004, CA9 Cal) 374 F.3d 822, 58 FR Serv 3d 1141, cert den. (2005) 544 US 908, 125 S. Ct. 1599, 161 L Ed 2d 285."

> "In those instances in which factual predicate of habeas petitioner's Fed. R. Civ. P. 60(b) motion attacks manner in which earlier habeas judgment was procured and not underlying conviction, Rule 60(b) motion may be adjudicated on merits;...."28 USC 2244. Pridgen v Shannon (2004) CA3 Pa) 380 F.3d 721, 59 FR Serv 3d 517, cert den (2005) 543 US 1155, 125 S. Ct. 1298, 161 L Ed 2d 121.

## Fraud and Misrepresentation

> "Fraud exception in which petitioner will be permitted to file Fed. R. Civ. P. 60 motion and have it treated by district court as motion under that rule instead of as non-authorized (by appellate court pursuant to 28 USCS 2244(b)(3)(A)) application to file second or successive petition, as it was outlined in Hazel-Atlas decision, requires deliberately planned and carefully executed scheme participated in by attorneys in federal proceeding to defraud federal court with carefully constructed bogus evidence that not only was presented to that federal court but which also affected federal court's decision. Gonzalez v Sec'y for the Dep't of Corr. (2004; CA11Fla) 366 F. 3d 1253, 17 FLW Fed C 465 (criticized in Abdui'Rahman v Bell (In re Abdul' Rahman)(2004, CA6 Tenn) 392 F.3d 174, 60 FR Serv 3d 242, 2004 FED App 428 P) and cert den (2005) 543 US 1091, 125 S. Ct. 965, 160 L Ed 2d 902 and affd (2005) 545 US 524, 125 S. Ct. 2641, 162 L Ed 2d 480, 18 FLW Fed S 449."

such as Title 18 Scheme by President of the United States and the Speaker of the House in 1947, 48 and 1949.

9

Court seeking to construe a case which should not exist into a habeas corpus (2255) subjected to the Antiterrorism and Effective Death Penalty Act's (AEDPA's) requiring Petitioner's authorization to proceed is unlawful. Petitioner was convicted under Title 18 United States Code.  Since the Law does not exist, the case cannot exist and represents fraud on the court as totally documented through Doc. 99 (60)(b)(4).

Thus, the issue is not Habeas Corpus or the AEDPA's but rather the existence of a case that should not exist.  The judgment is VOID.  The 28 USC 2255 Motion is to Vacate, Set-Aside or Correct a judgment first subjected to the inexhaustable venue of denial to include the AEDPAs.  The Doc. 99 60(b)(4) cannot be construed to a 28 USC 2255 Motion because the 2255 does not VOID the judgment in this case.  2255 Motion only correct, vacate and set-aside the collateral attack.  Petitioner files a Direct Attack and moves the court to VOID the judgment, expunge his records and imnmediately release him from illegal custody regarding this case.  Submitted this 22 day of July, 2019 by:

> William Glenn Irey
> Petitioner, Pro Se
> LSCI Butner Low
> P. O. Box 999
> Butner, NC 27509
> Reg:  26573-018

CERTIFICATE OF SERVICE

I certify that on this 22 day of July, 2019, I submitted by mail, 2 copies of this Response to Order by mailing them through the INmate Mail Room, P. O. Box 999, Butner, NC 27509 with correct postage to One copy for The Judge And one copy for The Prosecutor U. S. Court House
Middle District of Florida
401 West Central Blvd, Ste 1200
Orlando, FL 32801

> William Glenn Irey
> Pro Se Petitioner

10

Sorry about The Poor Quality of The prison Typewriter.